Gaul *v.* Wenger.

———————

GAUL, Respondent, *vs.* WENGER, Appellant.

1. The statement of a witness in his deposition that he is "going to leave the state for Europe to-morrow," will not authorize the reading of his deposition in evidence at the trial, two months afterwards, without some proof of his absence.

*Appeal from St. Louis Court of Common Pleas.*

This was an action to recover for work and labor, alleged to have been done by the plaintiff for the defendant, at his instance and request. At the trial, the plaintiff was permitted to read in evidence the deposition of Charles Dehault, under the circumstances stated in the opinion of the court, the defendant excepting. After a judgment for the plaintiff, the defendant appealed.

*Krum & Harding,* for appellant. The court erred in admitting the deposition of Dehault. Depositions can only be read in the cases specified in the statute, (R. C. 1845, §20, p. 419,) neither of which was here shown to exist. The statement of the witness that he *intended* to go to Europe, the next day after his deposition was taken, did not prove that he did in fact go, or that he was absent at the time of the trial. 8 Vt. 404. 6 Randolph, 242. 7 Mo. Rep. 221.

*C. Gibson,* for respondent. The deposition was properly admitted. The witness stated that he was going to Europe the day after it was taken, and once absent, the presumption is that he remains absent, until the contrary is shown.

GAMBLE, Judge, delivered the opinion of the court.

The only point in the case, which is of any importance, arises upon the admission of the deposition of Dehault, a witness for the plaintiff. The deposition was taken in St. Louis, and in it the witness says : " I am going to leave this state for Europe to-morrow." The deposition was taken on the 9th day of September, 1853, and was read upon the trial, which commenced on the 15th of December following, more than three months after it was taken. The defendant objected to the reading of the deposition, upon the ground that the absence of the witness was not shown, so as to entitle the plaintiff to read the deposition.

The court was satisfied with the statement of the witness that he was going to Europe, and admitted the deposition with-

out any other evidence that he was out of the reach of the process of the court.

1. The 20th section of the act concerning depositions, (R. C. 1845, p. 419,) states the cases in which depositions may be read, and gives as the first, the case where "the witness resides or is gone out of this state." When a deposition is offered, it must be made to appear to the court that a case exists in which the law authorizes it to be read. If it is offered on the ground that the witness, whose residence is within the state, and less than sixty miles from the place of trial, has gone out of the state, it must be shown to the court that he has left the state. In the present case, it was shown that the witness intended to go to Europe three months before the trial. Whether he did go, or whether if he did he was still absent, did not appear. The court might have been satisfied, after such declaration upon oath, with very slight evidence that he had actually gone and that he had not returned, but it was not a compliance with the statute to take the witness' declaration of his intention to go, as proof that he did go ; nor would it be sufficient evidence that the witness was absent from the state at the time of the trial, that he had gone to Europe more than three months before. In these days of rapid travel, three months will allow sufficient time for a man to leave the banks of the Mississippi and visit many parts of Europe and return home. The court should have required evidence that the witness was absent from the state. The judgment is reversed, and the cause remanded, the other judges concurring.