SARAH WETHERELL *et al.*, Respondents, v. HORACE PATTERSON *et al.*, Appellants.

1. The statement of a witness resident in the county, in his deposition taken four months before the trial, that he expected to leave for Texas, and the return of a subpœna "not found," does not show that the witness is beyond the jurisdiction of the court, so as to authorize the reading of the deposition.
2. A witness should not be allowed to state his understanding of the character of a transaction. He should state the facts, and let the jury draw the inferences.

*Appeal from St. Louis Circuit Court.*

*John Y. Page,* for appellants.

*John N. Straat,* for respondents.

BATES, Judge, delivered the opinion of the court.

This cause was submitted to the court before any of the present judges were upon the bench, and an opinion therein prepared by Judge Napton. The parties now agree that judgment may be entered upon that opinion. Accordingly, the judgment of the court below is reversed and the case remanded, all the judges concurring.

NAPTON, Judge.   The deposition read in this case was taken nearly four months before the trial, and was admitted on the production of a subpœna returned " not found."   The deponent stated :  " I reside in the city of St. Louis ; I expect to leave St. Louis soon—next Sunday or Monday ; I expect to go to Texas."   Upon the authority of Gaul v. Wenger, 19 Mo. 542, it is clear that the mere statement of the deponent was not sufficient to allow the reading of the deposition. Very slight evidence, however, is held to be enough, when the witness has stated, as in this case, his intention to go to a distant country.   Was the return on the subpœna such evidence ?   The return on the subpœna furnished some proof that the witness was not in St. Louis county ; it was no proof whatever that he was not within forty miles of the place of trial, or that he had gone to Texas, or that he had not returned.   Taken in connection with the statement in the deposition, it may furnish ground for a conjecture, but nothing more.   The statement in the deposition—" I understood at the time of shipping the flour that it was a sale to the boat " —ought to have been stricken out.   If the witness meant that his conclusions were drawn from conversation with either party, he should have stated the party with whom the conversation was held, so that its competency could have been determined.   If his inferences were merely drawn from the facts he observed and which he details, then the jury were competent to place their own construction on them, without any opinion from him.   Such a mode of testifying should not be tolerated in a deposition.

Judgment reversed and the cause remanded.