J. N. HOLLFIELD, Respondent, v. L. BLACK, Appellant.

St. Louis Court of Appeals, January 19, 1886.

1. PLEADING—SALES.—A petition which states that the plaintiff sold to the defendant a lot of goods at a fixed price a part of which were delivered, and that the balance were not delivered because the defendant refused to receive them, states but one cause of action and need contain but one count.

2. VARIANCE—PRACTICE.—A defendant who claims a variance between the contract sued on and the proof, should proceed to file his affidavit under the statute. Rev. Stat., sect. 3565.

8. EVIDENCE—DEPOSITIONS—PRACTICE.—A deposition can not be read in evidence when objected to on the ground that the personal attendance of the witness could have been secured, unless the party offering it shows, affirmatively, facts which make it admissible under section 2157, of the Revised Statutes.

4. CONTRACT—SALES—WAIVER.—Under a contract to deliver potatoes of a certain kind and size, in good shipping order, the receipt by the vendee of a part of the potatoes in bad shipping order is not a waiver of the quality.

APPEAL from the Mississippi County Circuit Court, J. D. FOSTER, Judge.

*Reversed and remanded.*

H. C. O'BRYAN, for the appellant: The petition contains two distinct and independent causes of action, improperly united and commingled in one count. Rev. Stat., sect. 3512; *Mooney v. Kennest,* 19 Mo. 551; *Mulholland v. Rapp,* 50 Mo. 42. There is a material and fatal variance between the contract declared upon in the petition, and the contract offered in evidence. *Franklin v. Globe Mutual Insurance Company,* 52 Mo. 461; *Harris v. Railroad Co.,* 37 Mo. 307; Steph. Pl. 84, 8th Am. Ed.; *Huston v. Forsyth Scale Works,* 56 Mo. 416.

JAMES A. BOONE and GEORGE S. ELLIOTT, for the respondent: The first instruction declares the law properly, and left the jury to determine whether or not defendant received the one hundred and twenty-nine barrels, and rightly says that if he did he should pay for them. *Bibb v. Means,* 61 Mo. 284; *Park v. Kitchen,* 1 Mo. App. 357. There is no variance between the allegations and proof, and if there is, it is not material, and, therefore, not fatal, and can not now be taken advantage of. *Hoyt v. Reed,* 16 Mo. 294; *Turner v. Railroad Co.,* 51 Mo. 509; *Ward v. Steamboat,* 7 Mo. 583; Rev. Stat., 609, sect. 3565.

ROMBAUER, J., delivered the opinion of the court.

This is an action to recover damages for breach of a contract of sale, concerning twevle hundred bushels of Irish potatoes. The damages claimed are $334.40, and the trial below, before a jury, resulted in a verdict and judgment for the plaintiff, for $283.80. From this judgment the defendant appeals.

The errors assigned, and mainly urged for reversal, are : 1. That the court refused to compel the plaintiff to elect between two causes of action, improperly joined in the same count. 2. That there was an entire failure of proof. 3. That the court admitted illegal testimony. 4. That the court misinstructed the jury.

I.    The first error is not well assigned. The petition contains only one cause of action for damages resulting to the plaintiff by the defendant's failure to perform his contract. The fact that part of the potatoes were received by the defendant, and that he refused to receive the other part, does not give the plaintiff two causes of action, one for failure of the defendant to pay for those received, and another for refusal to receive the residue. The defendant's argument on that subject is predicated on an erroneous theory.

II.    The second objection is also untenable. The plaintiff sues for a breach of contract in the sale of twelve hundred bushels of Irish potatoes. The contract filed with the petition, as well as the uncontradicted evidence, shows that the contract was for the sale of Early Rose potatoes of a certain size, to be delivered in good shipping order. It is not incumbent upon the plaintiff, in suing for a breach of contract, to set out in his petition all its details. He is bound to set out the contract in general terms, and if it is in writing, and in his possession, to file it with the petition. All this was done in the present instance.

There is not even a material variance between the petition and the proof. It nowhere appears that Early Rose potatoes are not Irish potatoes, but does appear, inferentially, that they are. Even if there were a variance, the defendant is not in a condition to avail himself of it here, having failed to pursue his remedy as pointed out by the statute. Rev. Stat., sect. 3565.

The answer in this case is a general denial. If the defendant desires to rely on specific parts of the contract sued upon by the plaintiff, the safest mode for him to pursue is to set out the contract in full in his answer, and

then aver with what parts thereof the plaintiff has failed to comply. This course directs the attention of the court, and of the triers of the fact, to the exact points in controversy.

III. The third objection is well taken. The court permitted, against the defendant's objection, the reading of the deposition of one Penny, taken on behalf of the plaintiff, and containing material testimony, although no legal evidence was offered tending to show that any of the facts existed, which, under the provisions of section 2157, Revised Statutes, made the deposition admissible.

That this can not be done has been frequently decided. *Gaul v. Wenger*, 19 Mo. 541; *Wetherell v. Patterson*, 31 Mo. 458; *Livermore v. Eddy*, 33 Mo. 547.

Nor was the court authorized, from the mere fact that a witness had forfeited his bail bond in another case, to infer judicially, that any of the facts authorizing the reading of his deposition existed.

IV. The fourth objection is likewise well taken. The evidence established, beyond controversy, that the plaintiff, under his contract, was bound to deliver Early Rose potatoes, of a certain size, in good shipping order. That the potatoes actually delivered were of a mixed variety and of inferior value, and that the defendant saw only a limited quantity of the plaintiff's potatoes in the field. Notwithstanding all this, the court instructed the jury, in substance, that it was the defendant's duty to object to the particular defects in the article at the time of delivery, and having failed to do so, the plaintiff was entitled to recover, as well the contract price for the potatoes actually delivered, which the instruction states in excess of the evidence, as, also, all damages caused to him by the defendant's failure to furnish barrels for shipping the residue.

These instructions are erroneous. They improperly comment on the evidence by telling the jury that the facts shown amount to a waiver of all defects. They improperly treat the case as containing two causes of action,

one for non-delivery of barrels, and the other for non-payment of potatoes received.

For error in the admission of Penny's deposition, and error in misinstructing the jury on behalf of the plaintiff, the judgment is reversed and the cause remanded. All the judges concur.