KATHRYNE O'BRIEN v. ST. LOUIS TRANSIT COMPANY, Appellant.

In Banc, May 13, 1908.

1. **NEGLIGENCE: Pleading: Criminally and Negligently Done: Inconsistent and Repugnant: Waiver.** A petition which charges that "defendant's conductor, whilst in charge of its car as its driver and conductor, negligently and with criminal intent" beat and shot plaintiff's husband, as he being a passenger was about to alight from said car, charges two causes of action in the same count, one of negligence and one of assault and battery, and on demurrer or proper motion would be vulnerable to the charge of redundancy or the commingling of two causes in one count, but it is not under the statute a *felo de se*, and no such motion or demurrer being filed, the objection was waived, and if the evidence supports either charge, the petition will support the verdict.

2. **WITNESS: Testimony Read from Transcript: When Permissible.** The transcript of the testimony of a witness who testified at a former trial of the case cannot be read in evidence, over objection, unless he is shown not to be a resident of the county. It can be read on the same conditions that a deposition can be read, one of which is that deponent is not a resi-

dent of the county. Nor will it be presumed, because the first trial took place in St. Louis and the witness testified thereat, and afterwards a change of venue was taken to St. Louis county, where the transcript of his evidence was offered to be read, that he was not a resident of St. Louis county. [VALLIANT, J., dissenting.]

3. **NEGLIGENCE: Assault of Passenger: Bringing on Difficulty.** It is not the law that, if the passenger brought on the difficulty which resulted in his being shot by the conductor, the plaintiff cannot under any circumstances recover.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

REVERSED AND REMANDED.

*Boyle & Priest* and *George T. Priest* for appellant.

(1) Plaintiff's petition does not state facts sufficient to constitute a cause of action. It is *felo de se.* Raming v. Railroad, 157 Mo. 508; White v. Railroad, 202 Mo. 562; Jordan v. Railroad, 202 Mo. 425; Behen v. Railroad, 186 Mo. 430. The wording of the statute is, "occasioned by the negligence, unskilfulness or criminal intent," etc. Criminal intent embodies the idea of wantonness and wilfulness. It is the intentional doing of an unlawful act without legal justification or excuse. The averments in the petition are that the act complained of was done "negligently and with criminal intent" or, in other words, wilfully and intentionally. It needs no discussion to arrive at the conclusion that an act cannot be negligently and wilfully done at one and the same time. Ruter v. Foy, 46 Iowa 132; Raming v. Railroad, 157 Mo. 508. (2) The court erred in permitting plaintiff to read in evidence the testimony of August Fick, given at the former trial of this cause, over the objection of the defendant. Gaul v. Wanger, 19 Mo. 542; Wetherell v. Patterson, 31 Mo. 458. There is no foundation laid for the introduction of Fick's tes-

timony.   There was no attempt on the part of plaintiff
to establish or locate Mr. Fick's residence any place.
As far as the record goes nobody could tell where Mr.
Fick was or lived, and certainly not that he was not a
resident of Clayton or an inhabitant of St. Louis
county.   Plaintiff, in order to be entitled to introduce
the testimony of Mr. Fick, must have made a showing
of some one of the statutory grounds which permit the
reading of testimony given at a former trial as if they
were depositions in the case.   (3)   The court erred in
submitting plaintiff's instruction 2 to the jury.   "The
court instructs the jury that a man is not justified in
shooting or inflicting great bodily injury upon an-
other, except to protect his person or right from in-
vasion or injury; that no provocation of words or blows
will justify a man, except to protect himself from in-
jury, in pursuing another, and inflicting upon him
great bodily injury.   And in this case, if you should
believe from the evidence that the deceased, O'Brien,
did use offensive language to the conductor, or that he
struck the conductor before he started to leave the car,
yet if you further believe from the evidence that after
such words and blow, if any, said O'Brien was pro-
ceeding to leave said car, as a passenger, and that
whilst he was in the act of doing so, he was assaulted
and struck by said conductor, and pursued by said con-
ductor to the sidewalk, and shot by said conductor and
so injured that he died from said injuries, then the
court instructs the jury that such words or blow would
not justify such assault and killing."   Plaintiff's in-
struction is erroneous and exceedingly misleading and
prejudicial.   It leads the jury to believe that a pas-
senger can be guilty of the grossest misconduct con-
ceivable and still be a passenger and enjoy the privi-
leges of a passenger.   That is not the law.   When a pas-
senger is guilty of using vile and abusive language and
commits a breach of the peace, he forfeits his rights as
a passenger and is entitled only to the considerations

due a trespasser. McQueery v. Railroad, 117 Mo. App. 266. Further, plaintiff's instruction informs the jury that deceased was at liberty to assault, calumniate and vilify the conductor at will and still be accorded and enjoy the full protection of the law, as if he had done nothing. Galbraith v. Fleming, 27 N. W. 581; Harrisson v. Fink, 42 Fed. 787; Sonnen v. Railroad, 102 Mo. App. 271; Ikenroth v. Railroad, 102 Mo. App. 597; Eads v. Railroad, 43 Mo. App. 536; Scott v. Railroad, 53 Hun 414; Wise v. Railroad, 91 Ky. 537; Railroad v. Wetmore, 19 Ohio St. 110; Peavy v. Railroad, 81 Ga. 485.

*A. R. Taylor* for respondent.

(1) Appellant insists that the court erred in permitting the evidence of August Fick given on the first trial of this case to be read in evidence. When this evidence was offered the only objection urged was that it was not shown "where the witness lives now." The offer was to read the evidence of August Fick, a resident of St. Louis, given on the last trial, and preserved in the bill of exceptions. The objection concedes, we submit, that August Fick was a resident of St. Louis and only contests his present residence, thus practically conceding that he, Fick, was a resident of St. Louis—and concluding that it was incumbent upon the plaintiff to show his present residence. Now if the witness was a resident of St. Louis, it was competent to read his evidence unless it was shown that he had changed his residence. This is the rule with reference to depositions; otherwise, if the witness changed his abode and could not be found, the evidence would be lost. Here was a witness who, present in court, gave his testimony which was preserved in the bill of exceptions, all of which is conceded by the objection. The statute, section 3149, Revised Statutes 1899, provides that such testimony thereafter may be used in the same manner and with like effect as if preserved in

a deposition. This act was passed long subsequently to the decisions cited by appellant, to-wit, in 1891. Therefore, we submit: that the objection made, conceding that the witness was a resident of the city of St. Louis, and only contesting the evidence on the ground that it was not shown where the witness "lives now" is not tenable. If the objection had intended to contest the fact that the witness was a resident of the city of St. Louis at the time he gave his testimony, it should have specifically shown that such was the objection; this the objection does not do. And it would work a hardship to allow a party to conceal or veil under an objection only that it is not shown where a witness "lives now" an intention to object that the witness was not a resident of the city at the time he gave the evidence and at the time of the killing of deceased. We think it sufficiently appears from the presence of the witness at the scene of the killing on the night of the killing that he was a resident of St. Louis. That is, this is sufficient to raise the presumption that he was such resident, and being such, and no change being shown, it is presumed he so remained. We therefore submit that the objection here urged falls within the principle decided by this court in the cases of O'Neill v. Kansas City, 178 Mo. 100; Bragg v. Railroad, 91 S. W. 531. (2) As to the other contentions for reversal, we uplift the shield of the opinion of this court in this case on former hearing of this case, and submit that it disposes of appellant's contentions. This court there held that the conductor in this case was, in the act causing the death of O'Brien, the appellant. That it was not a question of the scope of his authority. That he personified appellant in his act. The contract to carry safely and protect from assault, was violated by the instrumentality provided by the carrier to perform this part of the contract. O'Brien v. Railroad, 185 Mo. 268.

WOODSON, J.—This case was here once before, on a former appeal, and is reported in 185 Mo. 263. The pleadings are the same now as they were then; but they were not set out in that opinion; but since the sufficiency of the petition has been assailed in this appeal, we will have to give it space in this statement, which is as follows (caption and signatures omitted):

"The plaintiff states that the defendant is and at the times herein stated was a corporation by virtue of the law of Missouri, and owned, used and operated the railway and car herein described for the purpose of carrying passengers for hire from one point to another within the city of St. Louis as a common carrier of passengers by street railway.

"That on the 29th day of October, 1900, the defendant, by its servants in charge of its north-bound car, received as a passenger upon said car, at or near Tenth and Franklin avenue, plaintiff's husband, Michael O'Brien, and for a valuable consideration paid by plaintiff's said husband to the defendant, defendant undertook and agreed with him to safely carry him to his point of destination upon defendant's line of railway, to-wit, Twelfth and Hebert street, and to there stop said car, and give plaintiff's husband time and opportunity to alight in safety from said car.

"Yet the plaintiff avers that the defendant, unmindful of its said undertaking and of its duty in the premises did by its servants in charge of its said car, wholly fail to stop said car at Hebert and Twelfth street in the city of St. Louis, though requested by plaintiff's husband to do so, but on the contrary carried plaintiff's husband past his said destination to Thirteenth and Hebert street for the plaintiff's husband to alight from said car, and whilst said car was so stopped at said place, and whilst plaintiff's husband was alighting from said car at said place, defendant's conductor in charge of its said car, whilst undertaking to serve the defendant as such conductor, wrongfully struck and

beat the plaintiff's husband upon the head and body with a pistol and wrongfully shot the plaintiff's husband with said pistol, inflicting such injuries upon him that he died from said injuries at the city hospital of St. Louis on the 31st day of October, 1900. And the plaintiff avers that said beating of her husband, and said shooting of her husband was done by defendant's said conductor whilst in charge of its said car as its driver and controller, negligently and with criminal intent. That by the death of her husband, caused as aforesaid, an action has accrued to the plaintiff to sue for and recover the sum of five thousand dollars, according to the statutes in such cases provided, for which sum the plaintiff prays judgment.''

The suit was begun in the circuit court of the city of St. Louis, and a change of venue was had to the circuit court of St. Louis county. The cause was tried and resulted in a verdict for the plaintiff in the sum of $5,000, from which this defendant now appeals.

The evidence disclosed by the record is substantially the same as it was when the case was here before, and for that reason it is useless to state it here.

At the trial of the case below, the plaintiff offered to read to the jury a transcript of the evidence of a witness, by the name of Fick, who testified at the former trial, which was preserved in the bill of exceptions. The following is what occurred upon that occasion, as shown by this record:

''Mr. Taylor: I will read the evidence of August Fick, a resident of the city of St. Louis, given at the last trial of this case.

''Mr. Kiskaddon: I object to it as incompetent. He hasn't shown where the witness lives now.

''The COURT: Objection overruled.

''Mr. Kiskaddon: Note our exception.

''To which action and ruling of the court, defend-

ant, by counsel, then and there duly excepted, and at the time saved exception.''

The transcript of Mr. Fick's testimony was then read to the jury.

At the close of all the evidence, the court instructed the jury for plaintiff and defendant in conformity to the law enunciated in the opinion delivered when the cause was here before; and refused several instructions asked by the defendant, which will be noticed hereafter.

I. The first insistence of the appellant is, that the petition does not state facts sufficient to constitute a cause of action, for the reason that it charges ''that said beating of her husband and said shooting of her husband was done by defendant's said conductor whilst in charge of its said car as its driver and controller, negligently and with criminal intent,'' etc.

The appellant contends that the two allegations, that the beating and shooting were ''negligently'' done, and that they were done with ''criminal intent'' are inconsistent and contradictory of each other, and for that reason cannot stand together. In other words, that each allegation kills the other, and that the petition is therefore a *felo de se*.

The Supreme Court of Iowa, in passing upon a similar question, in the case of Ruter v. Foy, 46 Iowa 132, used this language:

''There can be no contributory negligence except where the defendant has been guilty of negligence to which the plaintiff's negligence could contribute. An assault and battery is not negligence. The former is intentional; the latter is unintentional. Now, the allegations being considered, state acts as being both negligent or inadvertent, and wanton or wilful at one and the same moment. This amounts to a contradiction in terms. If the act was careless or negligent, it was not wilful, and *vice versa*. The statements of the petition

are so repugnant to each other, so heterogeneous in their make-up, that any amount of testimony brought forward to support them would necessarily be equally repugnant, and therefore amount to no support at all; one portion of the testimony would kill the other. The petition on its face is a *felo de se*."

Touching this same point, this court in the case of Raming v. Railroad, 157 Mo. l. c. 508, quoted the above language of the Supreme Court of Iowa, approvingly, and held evidence which tended to prove a charge of negligence would not support an allegation of wilfully and wantonly injuring the plaintiff.

The rule announced in the Raming case has not been followed by this court in all its strictness in the later cases. In the case of Lange v. Railroad, 208 Mo. l. c. 475, this court used this language: "Instruction numbered two given for respondent is assailed for three reasons: first, because it leaves out of view the element of wantonness and recklessness on the part of the appellant, its agents or employees, in running the car over the respondent. By this the appellant means that the issue submitted to the jury by the instruction is one of negligence, while the issue made by the pleading was one of wantonly and recklessly injuring her, which it is contended is a departure between the pleading and instruction. It may be said of this case, as was said by Judge BLACK in the case of Owens v. Railroad, 95 Mo. l. c. 180, 8 S. W. 350, 6 Am. St. 39, that, 'the next objection to these instructions is, that the plaintiff cannot sue for an assault, and recover for negligence in failing to stop the train. The petition does make some extravagant averments; but notwithstanding it charges an assault by the servant, it also, in terms, charges negligence in not stopping the train a reasonable time, and negligence on the part of the servant in pulling her off. The instructions cannot be said to be a departure from the petition. The petition contains all that is in the instructions, and more too, and it follows that it is not a

case of declaring upon one cause of action and a re-
covery upon another.' The same is true in this case.
While there are some extravagant statements to be
found in the petition about how the agents and ser-
vants unnecessarily, etc., ran over and injured the re-
spondent, yet the charge of negligence is also found
therein, full and complete, as will be seen from the fol-
lowing allegation.''

The same is true of the case at bar—the petition
states both negligence and criminal acts, and, if there
was evidence tending to prove either, then it could not
be said that the petition charged one cause of action
and that the evidence proved another.

But what we have said does not go to the real
marrow of the point made by appellant in the case at
bar, but was directed at the Raming case, which bears
a semblance of authority for the contention of appel-
lant. But returning to the real point made by appel-
lant, that the petition does not state a cause of action.

The statute upon which this action is based is sec-
tion 2864, Revised Statutes 1899, and it authorizes a
recovery where the death is ''occasioned by the negli-
gence, unskillfulness or criminal intent,'' etc. This
statute gives the widow a cause of action where the
death of her husband is ''occasioned by the negligence
. . . . or criminal intent,'' etc., of the defendant,
or its agents or employees; and in pursuance of that
statute she has charged not only that he was negligently
killed, but that he was criminally assaulted and killed.
The most that can be urged against the petition is, that
it states two causes of action in one and the same count.

If the conductor negligently shot and killed
O'Brien, as charged in the petition, then the statute
gave his widow a cause of action against the company.
If, upon the other hand, he shot him with criminal in-
tent, it likewise gave her a cause of action, as charged.
So it is thus seen that the only true objection that can
be lodged against the petition is that it states a double

cause of action, or, more accurately speaking, it states a single cause of action doubly, and, we might add, inconsistently, but still it states a cause of action under either clause of the statute.

For this reason the doctrine of *felo de se* has no application to this case, because it is operative only where one cause of action stated is destroyed by another, which shows that no cause of action exists in fact; but that is not true in this case, for the reason that the allegation that deceased was negligently shot does not alter the fact, if fact it be, that the conductor shot him with criminal intent. That being true, and as was said in the Lange and Owens cases, supra, the petition not only charged negligence but criminal intent also, which is a complete cause of action under the statute.

Now, both parties, at each trial, having ignored the former allegation and having tried the case upon the latter, necessarily treated the former as redundancy, thereby leaving the latter as the only cause of action stated in the petition.

If those two causes had been stated in separate counts in the petition, then we apprehend that it would not be contended that a good cause of action was not stated in each. If they were inconsistent, then the proper practice would have been to have filed a motion to compel plaintiff to elect upon which of the two causes of action she would go to trial.

The defendant also, had it seen proper to do so, could have demurred to the petition, because it stated two causes of action in one count of the petition, but having done neither, and having answered over and gone to trial on the issues, it will not now be heard to complain of those defects. This court, in a very carefully-considered case, White v. Railroad, 202 Mo. 1. c. 561-2, speaking through Lamm, J., used this language:

"Moreover, the ruling on the motion was right, because, in the philosophy of the science of pleading,

faults in a petition are waived (barring the two cardinal ones of stating no cause of action and lack of jurisdiction) whenever in the evolution of a lawsuit the case once advances to the stage of joinder of issue on the facts as pleaded. In effect, such joinder is a challenge on the facts and on the facts alone, is a notice that defendant accepts the gage of battle and pitches the battle on the facts, and invokes the expenses, chances and machinery of a trial on such issue. When, then, defendant, as here, refused to stand on its motion to elect, filed answer, went to trial and took the chances of winning or losing on an issue of fact, it abandoned its motion to elect; for a motion to elect is of no more dignity and potency than a motion to make more specific and certain, than a demurrer, or a motion to strike out because of departure, or because of redundant, irrelevant or frivolous matter; and, therefore, I take it, if a defendant is held (as he is) to have waived his demurrer or motion to strike out or his motion to make an allegation more specific by joining issue on the facts by answer, then, as like reason makes like law, he must, by the same token, be held to have waived his motion to elect by answering over, except where the allegations are so contradictory as to be self-destructive and, therefore, no cause of action is stated.''

We are, therefore, of the opinion that the petition states a cause of action, and that the imperfections before noticed were waived by answering to the merits and going to trial thereon.

II. It is next contended by appellant, that the action of the court in permitting the transcript of Fick's testimony, given at a former trial and preserved in the bill of exceptions, to be read in evidence was error.

The admission of such evidence is governed by the provisions of section 3149, Revised Statutes 1899, which reads as follows: ''Whenever any competent evidence shall have been preserved in any bill of exceptions in a cause, the same may be thereafter used in the same

manner and with like effect as if such testimony had been preserved in a deposition in said cause.''

This statute does not give an unconditional right to the parties litigant to read to the jury, or to the court, evidence preserved in the bill of exceptions, but it, in express terms, restricts that right to the same conditions upon which the depositions are admissible in evidence. That being true, we must ascertain what the latter conditions are, and then apply them in the same manner to the bill of exceptions, when an offer is made to read therefrom. Section 2904, Revised Statutes 1899, prescribes the conditions upon which depositions are admissible in evidence. That section reads as follows:

''Examinations or depositions taken and returned in conformity to the provisions of this chapter may be read and used as evidence in the cause in which they shall have been taken, as if the witness were present and examined in open court on the trial thereof. The facts which would authorize the reading of the deposition may be established by the testimony of the deposing witness or the certificate of the officer taking the same: First, if the witness resides or is gone out of the State; second, if he be dead; third, if by reason of age, sickness or bodily infirmity he be unable to or cannot safely attend court; fourth, if he resides in a county other than that in which the trial is held, or if he be gone to a greater distance than forty miles from the place of trial without the consent, connivance or collusion of the party requiring his testimony; fifth, if he be a judge of a court of record, a practicing attorney or physician, and engaged in the discharge of his official or professional duty at the time of the trial.''

When counsel for plaintiff offered to read the testimony of Fick from the bill of exceptions, the defendant objected, because it had not been shown that he was not a resident of St. Louis county, the county to which the venue of the cause had been sent, and in which the

trial was being had. This objection was, by the court, overruled, and defendant duly preserved its exception.

The section of the statute just quoted provides that the deposition of a witness may be read in evidence where ''he resides in a county *other* than that in which the trial is held,'' which, of course, negatives the right to read it when he resides in the same county where the trial is had. We have searched this record in vain for evidence showing Fick's residence. It is perfectly barren upon that subject; and counsel for plaintiff seems to admit there is none such, but seeks to supply that omission by having this court to presume Fick resided in the city of St. Louis, from the fact that he was there present and testified as a witness on the former trial of the cause. This, we cannot do, for the reason that it would establish a presumption that all witnesses who testify in a case reside in the county where the trial takes place.

There is no such presumption indulged in by the law; and, besides, our knowledge and common experience teaches us that there are hundreds of witnesses who testify in cases who do not reside in the county in which the trial is had; and to presume otherwise would be a most violent presumption, and with no basis upon which to rest.

The admission of that testimony was against the letter and spirit of the statute, and was for that reason erroneous. [Gaul v. Wenger, 19 Mo. 542; Wetherell v. Patterson, 31 Mo. 458.]

III. The instructions given by the court, for both the plaintiff and defendant, correctly and fairly presented the law of the case to the jury, as declared by this court when the case was previously here.

Defendant's refused instructions, in effect, declared that if the jury found from the evidence that the deceased brought on the difficulty, then the plaintiff under no circumstances could recover. That is not the

law, and that contention was expressly repudiated by this court on the former appeal.

Because of the error before mentioned, the judgment is reversed, and the cause remanded for a new trial.

All concur except *Valliant, J.,* who dissents as to paragraph two.