L. A. CHRISTY, Respondent, v. J. M. BUTCHER, Appellant.

Springfield Court of Appeals, February 6, 1911.

1. PLEADING: Negligence: Willfulness: Inconsistent Pleading: Willfully and Negligently Spreading Contagious Disease. In a suit to recover damages from defendant for communicating smallpox to plaintiff and her family, the petition was in one count and charged defendant with "knowingly and intentionally" communicating the disease, and in another part of the petition charged the defendant with negligence which resulted in communicating the disease. *Held*, that the allegations were inconsistent and that the demurrer to the petition should have been sustained.

2. ——: ——: ——: ——. In actions for damages charging negligence where the petition. alleges "gross negligence" or "willful negligence," the words "gross" or "willful" may be treated as surplusage in such pleadings, and the petition construed as stating merely an action for negligence. But it is improper to charge that one caused injury to another by careless, negligent, wanton and willful misconduct.

3. ——: ——: ——: ——. There is a distinction between ordinary negligence and intentional wrong. When willfullness enters, negligence steps out. The former is characterized by advertence, and the latter by inadvertence.

4. ——: ——: ——: ——: May be Attacked by De-murrer. When a petition in one count alleges the injury incurred was caused by the negligence of the defendant, and also by the willful act of the defendant, it is proper to attack it by a demurrer and not by motion to require plaintiff to elect.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,* Judge.

REVERSED AND REMANDED.

*A. H. Wear, L. H. Musgrave* and *Wright Bros.* for appellant.

(1) Proof of negligence necessarily disproves wilfulness, and vice versa, and for this reason they could

not be joined in the same count. Waechter v. Railroad, 113 Mo. App. 277; Boyd v. Transit Co., 108 Mo. App. 305; Raming v. Railroad, 157 Mo. 508; Bindbeutal v. Railroad, 43 Mo. App. 463; O'Brien v. Looms, 43 Mo. App. 29. (2) Demurrer available remedy. Boyd v. Transit Co., 108 Mo. App. 305. (3) Motion in arrest available. Clippard v. Transit Co., 202 Mo. 432.

*Val Mason* and *Addison Brown* for respondent.

(1) As appellant refused to argue the demurrer filed to the amended petition in the trial court, respondent could not definitely decide then what but one of the objections raised was, and that in demurring because two or more causes were improperly joined appellant was in gross error, because a demurrer is not the proper remedy except in cases where two causes are united which cannot be stated in the same petition. Mulholland v. Rapp, 50 Mo. 42; Otis v. Mechanics Bank, 35 Mo. 128; State ex rel. Ziegenhein v. Tittman, 103 Mo. 553. (2) Appellant has no ground for motion to separately state or elect under facts showing concurrent violation of common law duty, ordinance duty and duty established by general custom; they were perfectly compatible and were not either repugnant, inconsistent or untrue and such a motion would not have been sustained. White v. Railroad, 202 Mo. 539; Haley v. Railroad, 197 Mo. 15. (3) Appellant knew he was violating his duty, when he knowingly subjected and communicated to respondent the disease. Under the facts pleaded could he say truthfully that it was unknowingly and unintentionally done? He was consciously violating his duty, their peril was known to him, he continued to act in utter disregard of their safety and rights after discovering their peril. Such conduct was wanton and inhumane. The legal conclusion to be drawn from an averment of such specific facts stated is that it was willful. In many jurisdictions such negligence is denom-

inated willful negligence. Railroad v. Rice, 38 Southern 857; Fisher v. Railroad (Ind.), 45 N. E. 689; Labargs v. Railroad, 134 Mich. 139, 95 N. W. 1073; 29 Cyc. 509; Railroad v. Ader, 110 Ind. 376, 7 N. E. 439; Sloniker v. Railroad, 79 N. W. 168, 76 Minn. 306; Thomason v. Railroad, 51 S. E. 443; Garth v. Traction Co., 42 Southern 627; Bussey v. Railroad, 55 S. E. 163. (4) The conduct would be equally culpable whether it was hoped it would be contracted or not, it being immaterial whether it was so willed or not as either a matter of fact or law. Franklin v. Butcher, 144 Mo. 660; Hendricks v. Butcher, 144 Mo. App. 671. (5) Intention or knowledge cuts but little figure in such cases. Raming v. Railway, 157 Mo. 505; Jenkins v. Fowler, 24 Penn. St. 308; Cooley on Torts, 694. (6) The specific facts stated in the petition control the general averments made and the *felo de se* doctrine has no application where the facts are stated. McCarty v. Hotel Co., 144 Mo. 402; Dritt v. Snodgrass, 66 Mo. 286. (7) The facts stated state negligence, strictly speaking, but by legal construction they constitute willfulness. 29 Cyc. 510. (8) If the word willful is used to characterize the word negligence, it is to be treated as surplusage. Taylor v. Holman, 45 Mo. 371. (9) The *felo de se* doctrine has no application to a petition where the facts are stated and the doctrine itself in such cases as the one at bar has been destroyed by the Supreme Court in the following cases, to-wit: O'Brien v. Transit Co., 212 Mo. 269; Everitt v. Railroad, 214 Mo. 85; Young v. Railroad, 227 Mo. 332.

GRAY, J.—This is an appeal by the defendant from a judgment of the circuit court of Greene county, in an action instituted by plaintiff to recover damages from the defendant for communicating smallpox to plaintiff and her family. The defendant filed a demurrer to the petition, and the court overruled the same.

The only issue on this appeal is the action of the court on the demurrer. The petition contains much surplusage and immaterial matter, and would not be attractive to a pleader searching for "a plain and concise statement of the facts constituting a cause of action without unnecessary repetition," as required by the statute.

The petition is in one count, and the appellant charges that it alleges the injury incurred was caused by the negligence of the defendant, and also by the willful act of the defendant. If appellant is correct, then the demurrer should have been sustained. [Waechter v. Railroad, 113 Mo. App. 270, 88 S. W. 147; O'Brien v. Transit Co., 212 Mo. 59, 110 S. W. 705; Raming v. Railroad, 157 Mo. l. c. 508, 57 S. W. 268; Rideout v. Winnebago Traction Co., 101 N. W. 672, 69 L. R. A. 601.]

The petition alleges: "That defendant thereafter well knowing that he was afflicted with said above mentioned disease and that the same would be communicated to plaintiff and her family and her boarders and would destroy her business and endanger the health and lives of herself and family continued for several days to abide in said house without apprising her of the character of the disease, to-wit: smallpox, with which he was afflicted; but kept the nature of his ailment a secret; that doing so in such condition and under such circumstances, defendant was willfully and intentionally neglectful of the rights of the plaintiff herein and was acting in utter disregard of his duty towards her, her family and members of the community generally."

The petition then alleges that a certain ordinance was in force in the city of Springfield, requiring persons to make immediate report to the mayor of contagious or infectious disease of persons, and making it a misdemeanor for a person who has knowledge of the existence of such disease to fail to give such notice. That

said defendant well knowing he had the disease and its contagious character, negligently failed to observe the ordinance, but negligently continued to remain in plaintiff's house and to mingle with plaintiff and the other occupants thereof, without notifying them of the nature of his malady; "that he failed to observe the general and usual custom or precaution exercised under similar circumstances thereby negligently subjecting them to said disease in violation of said ordinance and general custom, and of his duty to the plaintiff therein. That plaintiff and her three children solely on account of the said negligence of defendant in failing to observe said ordinance and custom and duty towards plaintiff on account of his condition which he well knew, contracted from the said defendant the said disease, and that she and her children were taken to the 'pest camp,' which was a place in the outskirts of the city supplied with none of the conveniences and scarcely any of the necessaries of life. That by reason of said premises and on account of the said willful acts of the defendant in so knowingly and intentionally communicating said infectious and contagious disease to plaintiff and her family and her boarder, the plaintiff has been to great trouble and expense," etc.

It will be noticed the petition first alleges that the defendant knowing he was inflicted with smallpox, and that the same would be communicated to plaintiff, continued to abide in plaintiff's house without apprising her of his condition, and in so doing under such circumstances he was willfully and intentionally neglectful of the rights of plaintiff. It is claimed by the appellant that this is a charge of willfulness, and the respondent, that it is a charge of negligence. We are inclined to agree with the appellant. There is a distinction between ordinary negligence and intentional wrong doing. When willfulness enters, negligence steps out. The

153 App—26

former is characterized by advertence, and the latter by inadvertence. "The one requiring intent, actual or constructive to injure, and the other being inconsistent therewith. The practice of charging that one caused injury to another by careless, negligent, wanton and willful misconduct, or of using language of similar import in attempting to state a cause of action is improper." [Rideout v. Winnebago Traction Co., supra; Bolin v. Railroad, 84 N. W. 446, 81 Am. St. Rep. 911.]

In the Bolin case, the court said: "Inadvertence, in some degree is the distinguishing characteristic of negligence, while misconduct of a more reprehensible character, characterized by rashness, wantonness and recklessness of a person as regards the personal safety of another, has been designated by this court as gross negligence. That involves 'a sufficient degree of intent at least to be inconsistent with inadvertence.'"

In this state where the allegation is confined to a charge of "gross negligence" or "willful negligence," our courts have construed the words "gross" and "willful" as surplusage in such pleadings, and have held the pleading simply stated a case of negligence. [McPheeters v. Railroad, 45 Mo. 22; Reed v. Telegraph Co., 135 Mo. 661, 37 S. W. 904; Mueller v. Ins. Co., 45 Mo. 84; Taylor v. Holman, 45 Mo. 371.]

The principle is well illustrated by the language of the court in Richter v. Harper, 54 N. W. 768, as follows: "The word 'willful' is employed in the declaration, which charges that the defendant 'willfully, wantonly, negligently, and unlawfully' caused the fire to be set. If the word 'willful' stood alone, or was coupled with other words which implied a purpose to do a direct injury to the property of the plaintiff, this contention would be of more force; but where the word is used in connection with others imputing negligence it is not the rule that the plaintiff must show the appropriateness of every adjective employed in his declaration."

In Bindbeutal v. Street Ry. Co., 43 Mo. App. 463, the court dealt with the question in the following language: "The defendant assails the judgment on the ground that the court erred in giving the fourth instruction for the plaintiff, which told the jury, 'if the gripman intentionally and carelessly ran the defendant's car against the plaintiff's wagon, that this was negligence.' This instruction, in effect, told the jury that willfully and intentionally were convertible terms, and that maliciously meant intentionally and wrongfully. The terms 'carelessness' and 'negligence,' in the law, are synonyms. And so, too, are the terms 'willfully' and 'intentionally.' The instructions complained of declared that 'intention' is a legal ingredient of negligence. The books on negligence are generally agreed that 'intent' is not included in the essentials of negligence. It is too clear for argument that the two terms 'carelessness' and 'willfulness' are not equivalents, the one of the other, in any legal sense; they are repugnant and inconsistent in their signification and meaning. An instruction is not to be tolerated which proceeds upon the idea that it may be good either for willful injury or for negligence. To say that an injury resulted from negligent and willful conduct of another is to affirm that the same act is the result of two exactly opposite mental conditions."

Our construction of this part of plaintiff's petition is borne out by the plaintiff's construction as shown in the latter part of her petition where it is alleged: "That by reason of said premises and on account of the said willful acts of the defendant in so knowingly and intentionally communicating said infectious and contagious disease to plaintiff," etc. Here the charge is in plain language that the defendant "knowingly and intentionally" communicated the disease to the plaintiff and her family.

Another part of the petition charges the defendant failed to observe the provisions of a municipal ordi-

nance, and that such act was negligence, and that on account thereof the plaintiff's injuries were sustained. It. is also alleged in the petition that plaintiff negli-gently failed to observe a custom, and on account there-of, plaintiff's injuries were received.

It is our opinion the petition charges in the one count that plaintiff's injuries were caused by the will-fulness of the defendant, and also by his negligence.

The respondent contends that a motion to require the plaintiff to elect was the proper remedy, and that the demurrer was not. Undoubtedly, in some jurisdic-tions the motion to elect or to make more definite and certain is the proper practice. [Rideout v. Winnebago Traction Co., supra, (Wis.).] But in this state, our courts hold that a demurrer is the proper pleading. [Raming v. Railroad, supra; O'Brien v. Transit Co., supra.]

The judgment will be reversed and the cause re-manded, permission granted to the plaintiff to amend her petition, if she so desires. All concur.