JOHN STERNEMAN, Respondent, v. SPRING-FIELD TRACTION CO., Appellant.

Springfield Court of Appeals, February 12, 1914.

1. **STREET RAILWAYS: Passengers: Relation Continuous When.** Plaintiff, a passenger on a street car of defendant company, rode to the end of the car line, and prepared to alight when the conductor removed the trolley rendering the car dark. Plaintiff by stopping on the platform until the trolley was replaced and the car relighted did not cease to be a passenger.

2. **STREET RAILWAY: Assault on Passenger: Not Justified When.** A conductor in charge of a street car is not justified in an assault upon a passenger on account of a threat on the part of the passenger to report his conduct to the company.

3. **STREET RAILWAYS: Passengers: Assault on by Conductor.** Where a conductor in charge of a street car assaulted a pas-

senger upon the platform thereof and continued the assault after he had knocked the passenger to the ground, the company was liable for the continued assault.

Appeal from Greene County Circuit Court.—*Hon. Guy D. Kirby,* Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

(1) The instant a passenger becomes detached from the street car and alights on the street, all connection with the carrier is severed and all liability of the carrier so far as regards this person as a former passenger is determined. Hendrick v. Railroad, 136 Mo. 548; Nellis on Street Surface Railroads, page 449; Cramer v. Railroad, 156 Mass. 320, L. R. A. 490; 31 N. E. Rep. 391; 42 Am. & Eng. Railroad cases 558; Railroad v. Glover, 92 Ga. 132; 18 S. E. Rep. 406; 58 Am. & Eng. Railroad cases 269; Ry. Co. v. Park, 96 Ky. 580; 29 S. W. Rep. 455; Smith v. Ry. Co., 29 Oregon 539, 46 Pac. Rep. 136; 5 Am. & Eng. Railroad cases (U. S.) 163; Railroad v. Moore, 100 Ga. 684, 28 S. E. Rep. 1000; Railroad v. Bates, 103 Ga. 333, 30 S. E. Rep. 41; South Covington Co. v. Beatty (Ky.), 50 S. W. Rep. 230; 5 Am. & Eng. Ency. of Law (2 Ed.), 499; Platt v. St. Ry. Co., 4 Thomp., etc. (N. Y.) 406; 2 Hun (N. Y.) 124. (2) Passengers must be reasonably expeditious; any unreasonable or unwarranted delay in alighting destroys the relation. Waller v. Railroad, 83 Mo. 608; Culberson v. Railroad, 550 Mo. App. 556; Hanks v. S. C. & A. Co., 60 Mo. App. 274; Grers v. Railroad, 109 Mo. App. 716; McQuerry v. Railroad, 117 Mo. App. 255; Flynn v. St. L. Transit Co., 113 Mo. App. 185; Cramer v. Springfield Traction Co., 112 Mo. App. 350; McLain v. St. L. & G. Co., 131 Mo. App. 733; Keen v. Railroad, 129 Mo. App. 301; Mitchell v. Railroad, 125 Mo. App. 1; O'Brien v. St. L. T. Co., 212 Mo. 59; Senf

v. St. L. Sub. Co., 112 Mo. App. 74-85. (3) The right of self-defense and the general laws and principles applicable thereto are in force as between a passenger and the servant of a common carrier. And well considered cases, if not the best, even hold that though the servant may not be able to justify under the criminal law (for instance for assaulting for abusive and provoking words only) still the master is not liable if the assault was provoked by the passenger. Railroad v. Jokes, 142 U. S. 18, (35 L. Ed. 919); Wise v. South Covington Co., 17 Ky. Law Rep. 1359, (34 S. W. Rep. 894); Railroad v. Barger, 80 Md. 23, (45 Am. St. Rep. 319); Peavy v. Railroad, 81 Ga. 485; Harrison v. Fink, 42 Fed. 787; 5 Am. Eng. Ency. of Law (2 Ed.), 547; Eads v. Met. Ry. Co., 43 Mo. App. 536; Scott v. Central Park Co., 53 Hun (N. Y.).

*Wm. H. Horine* and *J. T. White* for respondent.

(1) It is the duty of a carrier to protect its passengers from assault, and where an employee of the carrier has assaulted a passenger, the question is not whether such employee was acting in the line of his duty, but whether the carrier protected its passenger. The carrier is an insurer of the passenger's safety in case, 212 Mo. 72; Neuer v. Railroad, 143 Mo. App. 514, 517; O'Brien v. Transit Co., 185 Mo. 268. Same case, 212 Mo. 72; Neuer v. Railroad, 143 Mo. App. 406, 407; Flynn v. Transit Co., 113 Mo. App. 195, 196; Keen v. Railroad, 129 Mo. App. 306, 307; McQuerry v. Met. Ry. Co., 117 Mo. App. 262. (2) The relation of carrier and passenger when once established continues until the passenger has had a reasonable time to depart from the car in safety, and in the case of street car, until the passenger "has reasonable time and opportunity to avoid further danger from the operation of the car, or further necessity of relation with the servants of the carrier." 6 Cyc. Law and Pro., p. 542; Burbridge v. Railway Co., 36 Mo. App. 681-2; Senf v.

Railway Co., 112 Mo. App. 74; McDonald v. St. Louis Transit Co., 108 Mo. App. 384; Flynn v. Transit Co., 113 Mo. App. 185, 195, 196; Fillingham v. St. Louis Transit Co., 102 Mo. App. 581, 582, 583; McQuerry v. Transit Co., 117 Mo. App. 255. (3) Even though the plaintiff provoked the trouble between himself and the conductor, that would not excuse the brutal and ferocious assault which the evidence shows was committed in this case. O'Brien v. St. Louis Transit Co., 185 Mo. 268. Same case, 212 Mo. 72; Neuer v. Railroad, 143 Mo. App. 407; McQuerry v. Met. St. Ry. Co., 117 Mo. App. 262.

ROBERTSON, P. J.—The defendant was engaged in the operation of a street car system in the city of Springfield and the plaintiff at about ten o'clock at night boarded one of its cars in the business part of the city to ride to the end of its line, which was a short distance from the plaintiff's boarding place. Arriving at a point near the end of the track, the conductor alighted from the car and proceeded to readjust the trolley pole of the car for the purpose of making the return trip, thus leaving the car dark. The plaintiff and the only other passenger walked out to the platform of the car and, when it became dark, remained standing there until the trolley pole was adjusted and the car relighted, whereupon the other passenger proceeded down the steps of the car and the conductor ascended them, leaving the plaintiff upon the platform. Plaintiff testified that there was not room for him and the other passenger to descend the steps while the conductor was ascending them. When the conductor reached the platform the plaintiff, a German, who spoke English brokenly, undertook to state something to the conductor about some previous action of the conductor towards the plaintiff, stating that if the conductor ever repeated it he would report him to the company, whereupon the conductor struck the plaintiff a

lick on the jaw with his ticket punch, breaking plaintiff's jaw, knocking him down on the ground and rendering him unconscious. There was some testimony in behalf of the plaintiff that the conductor, without cause, continued his assault upon the plaintiff after he was knocked to the ground and until the motorman arrived at the scene and separated them. The motorman took the plaintiff up to his boarding house and placed him on the porch, leaving him there alone to arouse the occupants of the house and gain attention as best he could.

The testimony of the conductor and motorman contradicts the testimony of plaintiff. They testified that the plaintiff and the passenger with him had alighted from the car and that, while the conductor was adjusting the trolley pole, plaintiff went up to him and attacked him, that the conductor defended himself against the attacks, pushing the plaintiff away, and that finally, upon plaintiff continuing the attacks, the conductor struck him as his only means of escape from the attacks of the plaintiff, knocking him down several times.

The case was tried before the court and to a jury and resulted in a verdict for the plaintiff in the sum of $1500. Exemplary damages were asked in plaintiff's petition and submitted to the jury under instructions, but no sum was allowed therefor by the jury. The court gave nine instructions at the request of the plaintiff and eight at the request of the defendant. The defendant requested eleven instructions which were refused.

The defendant presents the case here on the assertion that plaintiff was not at the time of the assault a passenger upon the car and that, therefore, it is not liable for any acts or conduct of its conductor. It is also urged that plaintiff provoked the assault and cannot, therefore, be heard to complain of its results.

If the facts were as witnesses in behalf of the defendant testified, the case presented here would be different from the one now before us, but that testimony was not believed by the jury and is not here for consideration. The jury has accepted the testimony of the plaintiff as true and the only questions to determine are whether or not the plaintiff left the car with such expedition as was encumbent upon him, under the circumstances, justifying the holding that he continued to be a passenger, and whether or not the conductor was justified in making the assault by reason of anything the plaintiff said to him.

Upon the first proposition, we hold that the plaintiff was justified in stopping at the platform until the car was relighted, and that in so doing he did not cease to be a passenger. It was not the plaintiff's duty to move faster than the situation reasonably demanded of him. The car had reached its destination and there was no reason for requiring a hurried exit on the part of the plaintiff. He had a right to hesitate as he did until the car was relighted, since he in no manner interfered with the other passenger or with the proper conduct of the defendant's business. At the time the conductor struck him he was unquestionably a passenger upon the defendant's car and entitled to protection from assaults by the employees of the defendant, unless his conduct exempts the defendant from liability. [Senf v. Railway Co., 112 Mo. App. 74, 86 S. W. 887.]

We must also hold, supported by such authorities as O'Brien v. Transit Co., 185 Mo. 263, 84 S. W. 939, same case, 212 Mo. 59, 110 S. W. 705, and Mitchell v. United Railways Co., 125 Mo. App. 1, 13, 102 S. W. 661, that under the facts in this case the assault made by defendant's conductor was unjustifiable and that the defendant is liable, and that this is true even though the plaintiff may have threatened to report the conductor for some supposed or actual improper action on the conductor's part. If the conductor con-

tinued this assault after he had knocked the plaintiff to the ground, the defendant was yet liable as the plaintiff was then entitled to the protection the defendant owed him. (*O'Brien* case, *supra*).

We have carefully considered all of the instructions given and refused but the unreasonable number, we believe, does not justify an extended discussion of them, thereby making this an unnecessarily voluminous opinion. We shall, therefore, confine our discussion of them to the statement that we believe there is no error in this regard. The judgment of the circuit court is affirmed. *Sturgis* and *Farrington, JJ.,* concur.