Robert Earl COMPTON, A Minor By Jack F. Compton, Next Friend, Plaintiff-Respondent,

v.

Donald P. BILLINGS, Defendant-Appellant.

No. 24009.

Kansas City Court of Appeals.

Missouri.

Nov. 25, 1964.

---

Richard E. Martin and Hugh A. Miner, St. Joseph, for plaintiff-respondent.

Price Shoemaker and William L. Culver, St. Joseph, for defendant-appellant.

SPERRY, Commissioner.

Plaintiff, a minor, by his next friend, sued defendant, Donald P. Billings, for damages caused by plaintiff's loss of a finger when it came in contact with a sharp piece of metal which protruded outwardly from defendant's automobile parked in plaintiff's father's driveway. From a judgment in favor of plaintiff in the sum of $2,500.00, defendant appeals.

Plaintiff pleaded as follows:

"6. The injury to the plaintiff was the direct and proximate result of the negligence and carelessness of the defendant in the following particulars:

"(a) Defendant had knowingly and wilfully permitted to remain and to be left exposed on his automobile a defective part, to-wit: a sharp projection of chrome strip, which he knew, or in the exercise of ordinary care, should have known would cause injury to the public, including the plaintiff, who came in contact with said projection."

The accident occurred May 30th, 1962, when plaintiff was eight years of age. He lived with his parents in St. Joseph, Missouri. The residence faced west and his father's car was parked on the concrete driveway, headed east. Behind it, defendant's automobile was parked, headed in the same direction. The distance between the edge of defendant's car and the edge of the concrete driveway was about thirty-five inches. Plaintiff's father and defendant were in the garage listening to the radio. Plaintiff got his bike out of the garage and, with his younger sister riding behind him, rode along-side and next to the parked cars, toward their rear, toward the street. His hands were on the handle bars. Plaintiff stated that he passed his father's car safely, but that when he reached defendant's car the bicycle began to wobble * * * "I got too close", that it cut off his finger.

Plaintiff's father stated that he and defendant were sitting in the garage; that the door was open; that plaintiff and his little sister got on the bike, rode towards the street, past witness' car and disappeared from his view; that defendant said, "Oh! My gosh", and went out that way; that witness followed; that plaintiff's finger had been cut off; that he saw a sharp piece of chrome sticking out from around the gas tank opening, on the left of the car; that it was three or four inches long; and that there was blood on the chrome piece.

Mrs. Fisher, defendant's mother-in-law, stated that she visited in defendant's home around the first of April, 1962; that she rode in and observed the automobile involved in this action; that she observed a piece of very sharp chrome sticking out from the car about two and one-half inches long; that defendant was present; that she told him about it; that defendant was three or four feet from her; that he turned and looked at it. She stated that she saw it, after that time, prior to the accident; that, on the day the accident occurred, she rode in the car and saw the chrome, with blood on it; that, otherwise, it was in the same condition that it had been when she first saw it. She stated that, in 1963, she talked with defendant about the accident and he told her that he remembered her mentioning the piece of chrome prior to the time of the accident, but that he forgot to do anything about it.

Defendant, in his deposition, stated that after the accident occurred, he examined the protruding piece of chrome; that it was "razor sharp"; that he saw plaintiff and his sister on the bicycle, on the north side of defendant's car, riding toward the street, just before the accident occurred; that he did not warn plaintiff of danger; that Bobby shouted; that defendant looked up and saw that his finger was hanging by a shred; that he had been injured by the chrome. He testified, in court, to the effect that he saw plaintiff take his bicycle out of the garage and head toward the street before the accident occurred; and that, after the accident, he pushed the piece of chrome down with his thumb.

▮ Defendant contends that plaintiff's petition failed to state, and that his evidence failed to show, facts sufficient to constitute a cause of action based on negligent tort.

Under this contention he argues that plaintiff was a trespasser on defendant's property and that defendant owed him no duty whatever under a negligence analysis *until his peril should have been discovered* by defendant, except that he must refrain from doing him "wanton or wilful-intentional injury". He relies on McVicar v. W. R. Arthur & Co., Mo., 312 S.W.2d 805, 65 A.L.R.2d 785. At page 812 of 312 S.W. 2d the court discussed, defined, and differentiated between trespassers, licensees and invitees. Defendant is correct in his statement of the measure of care, or duty, that a land owner owes a trespasser. However, the court said that the rule is as stated because, since a trespasser's presence is not to be anticipated, the property owner owes him no duty to take precautions for his safety (unless his presence and impending peril is discovered).

In this case, defendant parked his car on his brother-in-law's driveway. He knew that these young children, plaintiff and his sister, his own niece and nephew, lived there and had a right to and did use the driveway as a place for play and amusement. They mounted the bicycle, in his presence, and proceeded to operate it along the driveway, beside his host's car and defendant's car, toward the street. He knew that the dangerously sharp piece of chrome metal protruded outward from the car for a distance of from three to four inches. In the exercise of ordinary care he knew, or should have known, that in passing along the narrow strip of concrete, north of his car, with one hand necessarily on each handle bar of the bicycle, plaintiff's hand likely would come into contact with the sharp piece of metal, thereby injuring him. Bronson v. Kansas City, Mo., a Corp., Mo. App., 323 S.W.2d 526, 531; Garis v. Eberling, 18 Tenn.App. 1, 71 S.W.2d 215; 60 C.J. S. Motor Vehicles § 349, page 822. Furthermore, he knew or should have known, in the exercise of ordinary care, that the protruding chrome could or would cause injury to an ordinary adult pedestrian on the public streets as the car passed him, or as such a pedestrian might pass along the car, if it was parked on the public streets or on private property. Zuber v. Clarkson Const. Co., 363 Mo. 352, 251 S.W.2d 52, 55–56; Shafir v. Sieben, Mo., 233 S.W. 419, 423, 17 A.L.R. 637.

Plaintiff, in the McVicar case, was watching an operation of a stationary automobile transport truck. The operator of the equipment knew that plaintiff was near the truck but, unknown to the operator, plaintiff stuck his head and upper chest into the truck and was injured by the moving parts of the machinery. The operator of the truck was oblivious of the danger to plaintiff, who was a trespasser as that term is defined. Defendant owed him no duty because its agent was busy and did not observe plaintiff's change of position from one of safety to one of peril until after the casualty had occurred.

The facts in the case at bar are not at all similar to those involved in the McVicar case. Here, plaintiff was not a trespasser. He had a right to be where he was when he was injured. It was his father's and plaintiff's home. Defendant watched him, in broad daylight, as he approached the

place of danger, with his left hand where it would likely come into contact with the chrome, which he knew was there. He saw the casualty occur. Even if plaintiff had been a trespasser, defendant owed him the duty to warn him of the danger of which he knew and of which plaintiff had no knowledge, when he saw him coming into a position of peril and knew that he was oblivious thereof.

■ Defendant claims error in that the court overruled his motions for directed verdict because plaintiff plead and attempted to prove two repugnant theories of liability regarding the same act, to-wit: *"negligent* and *intentional* (wilful), and said causes of action therefore destroyed each other * * * under the doctrine of *felo de se."*

We have previously set out the pleading referred to. Defendant relies on the law as declared in O'Brien v. St. Louis Transit Co., 212 Mo. 59, 110 S.W. 705, 706. There it was alleged that defendant's agent wrongfully struck and beat decedent with a pistol, and shot him, inflicting injuries from which he died; and that said beating and shooting was done negligently and with criminal intent. The court held that the allegation amounted to a *felo de se* because the proof of the one disproved the other.

That is not the situation here. In essence, plaintiff alleged that, by reason of defendant's *negligence,* he had, with knowledge thereof, permitted a sharp protruding chrome strip to remain on his automobile when, in the exercise of ordinary care, he should have known that it constituted a danger to plaintiff.

Charges of negligence and wilfulness are not *necessarily* repugnant because wilful conduct may, and often does, include the element of negligence. Greene v. Morse, Mo.App., 375 S.W.2d 411, 417; Evett v. Corbin, Mo., 305 S.W.2d 469, 472. Here, the cause of action pleaded and submitted was clearly based on negligence. It is not alleged that defendant set a dangerous trap for his nephew, or that he intentionally

caused his injury. It was alleged, and the evidence showed, that defendant knew of the protruding metal strip which, in the exercise of ordinary care, he should have known would cause injury, and that he negligently failed to remove the danger, or warn plaintiff of the condition.

It is urged that plaintiff's main instruction is fatally erroneous in the following respects:

"(a) Said instruction improperly declares the law because the evidence indicated plaintiff was a trespasser on defendant's personal automobile property;

"(b) Said instruction is improper because there was no substantial evidence of probative value to support its provisions that the defendant knew, or should have known, of any 'condition', 'danger', 'obvious danger' or 'obviously dangerous condition' on defendant's personal automobile property, and said instruction omitted the term 'inherently dangerous';

"(c) Said instruction is improper, conflicting, misleading and confusing and improperly declares the law by referring to a sharp piece of chrome protruding two and one-half inches to four inches as a 'condition' upon which liability could be predicated if said condition had 'existed for a sufficient length of time prior thereto that the defendant in the exercise of the ordinary care should have known of such condition'; and then by later in the same instruction referring to said chrome as constituting an 'obvious danger' and further referring to said condition as a 'danger' and as as 'obviously dangerous condition', there being no substantial evidence of probative value that defendant had notice of any such condition or that it was in fact 'obvious' or an 'obvious danger'."

From our statement of the evidence and of the applicable law we must hold that de-

fendant's criticism of the instruction is not well made.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.