John Roehl and Wife, Appellants, *vs.* John F. Baasen, Respondent.

APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

Where evidence is offered by a party on a trial, and excluded by the Court, and no exception taken, a party cannot urge the exclusion of this evidence, as ground for a new trial. And this whether the fact appears by a case or bill of exceptions.

A witness, who was party to the suit, was asked, "Did you know the instrument was a mortgage when you signed it?" Held, that the question was properly excluded by the Court.

A party who asks the Court to charge certain propositions which are refused, must except to the ruling in order to avail himself of the same as ground for new trial. Nor can he urge as ground of error, the charge actually given, or portions thereof, unless he has excepted to the same on the trial.

Points and Authorities of Appellants.

I.—The Court erred in excluding the testimony of John Roehl (folio 76,) as to what was said by Pross to Roehl about the quit claim deed, when it was executed. The amended complaint (folio 8) states that "Pross informed him, plaintiff John Roehl, that said deed was a power of attorney, authorizing said Pross to locate Half-breed scrip on said land, in the name of plaintiff, John Roehl, and plaintiff, John Roehl, says when he executed said quit claim deed, he believed said statement of Pross, that it was a power of attorney," &c. It was necessary for the jury to have this evidence, for it was

material, and the only evidence on that point that could be offered, and its exclusion entitles Appellants to a new trial. 1 *Gra. & Wat. on New Trials*, 252; 6 *Worden*, 242; 1 *Bingham*, 38; 2 *Barn. & Cress.*, 494; 1 *John. Rep.*, 508; 7 *Wend.*, 371; 3 *Mass. Rep.*, 124; 5 *Mass. Rep.*, 391; 3 *East.*, 451.

No exception was taken on the trial to the exclusion of the testimony, nor was it necessary, as the cause comes before this Court on a *case, and not on a bill of exceptions*, and for the further reason, that if an exception had been taken to the exclusion of the testimony, it would not have obviated the Defendant's objection to its introduction, as the testimony offered was the only testimony that could be offered. *N. Y. Code*, 358, *N. (h.); 3 E. D. Smith's Rep.*, 518; 1 *Gra. & Wat. N. T.*, 204, 5, 6 *and* 7; 1 *Wend.*, 380; 4 *Wend.*, 514; 3 *Serg. & Rawle.*, 25; 5 *Wend.*, 192; 2 *Barb. S. C. Rep.*, 420; 5 *Cowan*, 123; 2 *Tidd. Pr.*, 818; 1 *Bos. & Pul.*, 338, 9; 4 *Tenn. Rep.*, 753; 5 *Tenn. R.* 19.

The *R. S.* 564, *secs.* 55 *and* 59, *sub.* 7, if intended to limit the power of the Supreme Court in granting new trials to cases where exceptions are taken at the trial, it is in derogation of the common law power of the Court, and will be construed strictly. 1 *Black. Com.*, 89; 2 *Minn. Rep.*, 13; 4 *Mass. R.*, 471-473; 15 *Mass.*, 205, 206; 9 *Pick.*, 496, 514; 13 *Pick.*, 284, 290.

The Appellate Court possesses the power to grant new trials for errors not excepted to, when the exception could not have obviated the objection, and also for misdirection of the Judge, not by virtue of any statute, but by virtue of its inherent power over inferior courts.

2.  The Court erred in excluding the testimony of the want of knowledge by Plaintiffs, that the mortgage was such when they executed it, by refusing appellants' leave to ask John Roehl the question (folio 75), " Did you know the instrument was a mortgage when you signed it?" And to which refusal Appellants excepted.

Perjury could be assigned upon the answer. If witness had said he did not know it to be a mortgage, it would have been equivalent to his saying that it was not a mortgage. 3 *Starkie's Ev.*, 860, *N. (a.); 5 Yerger*, 211.

The question was in proper form, it being a question to be determined by inspection. The question did not relate to a conversation, admission or argument. If it had, it would be objectionable, as leading. 1 *Starkie's Ev.*, 169, *N. (b)*; 2 *Eng. Corn Law Rep.*, 305; 2 *Starkie's Cases*, 1280-81.

II.—1. The Court erred in refusing to give the second instruction requested by Appellants (folio 145), "That if the jury believe from the testimony that at the time the note of $950, described in the pleadings, was given, that there was nothing due from Plaintiffs to Pross, and that fact was known to Defendant, they will find upon this issue for the Plaintiffs."

The instruction was material on the trial, and the refusal to give it was error. 3 *Gra. & Wat., N. T.*, 711; 4 *Ohio Rep.*, 389; 1 *Missouri Rep.*, 68; 2 *J. J. Marshall's Rep.*, 158.

III.—1. The Court misdirected the jury (folio 146), "Plaintiffs do not claim the note of $950 was so executed (fraudulently). The enquiries only relate to the mortgage," (folio 18.) Plaintiffs in their amended complaint say "that it (note) was fraudulently obtained." The Court also assumed to state a fact to the jury, and should have stated also to the jury that they were the exclusive judges of all questions of fact. *R. S., p. 559, sec. 22.*

2. The Court misdirected the jury (folio 147), "Did Pross agree to give Plaintiffs $1,000 for his claim? If so, was the mortgage intended to secure Pross till he got a title to the claim which Plaintiffs had not then perfected?" Defendant admits in his answer that Pross did, June 2d, 1857, receive Roehl's title to the claim, (folio 26.) This is error, for the fact is admitted by the pleadings. 1 *Gra. & Wat. N. T.*, 262; 6 *Wend.*, 242; 2 *Salk.*, 649; 2 *Wis.*, 269.

3. The Court misdirected the jury (folio 149), in the instruction, "Did the Defendant know of the fraud, if any, before he obtained the mortgage? If he did not, though the mortgage was obtained by Pross by fraud, Plaintiffs cannot recover." 2 *John. C. R.*, 37.

The assignee of a chose in action takes it with the equity against the assignor. 2 *Johns. C. R.*, 441; *Minn. S. C., July T.*, 1861, *Newhall & Johnson vs. Kingsley et al.*

A new trial should be granted for the misdirection of the

Judge in the foregoing instructions for they misled the jury. 2 *Tidd. Pr.* 818; 1 *Gra. & Wat. N. T.*, 262; 6 *Wend.*, 242; 2 *Salk.*, 647; 2 *Wis.*, 269; 4 *Tenn. R.* 759; 1 *Gra. & Wat. N. T.*, 264; 4 *Conn. R.*, 356; 3 *Cranch*, 298; 5 *Tenn. R.*, 19; *Brook qui tem vs. Middleton*, 1 *Comp.*, 445; 2 *Strange*, 899, 1238; 23 *Johns. R.*, 180; 5 *Mass. R.*, 365; 1 *Gra. & Wat. N. T.*, 268; 3 *Wend.*, 418; 9 *Cowan R.*, 674.

IV.—1. The evidence is insufficient to sustain the verdict, which is a sufficient cause for a new trial. *R. S.* 564, *sec.* 59, *sub.* 5; 3 *Gra. & Wat. N. T.*, 1259, 60.

### Points and Authorities of Respondent.

I.—The return does not return a case, and the matters of evidence, with errors alleged and instructions complained of, are not properly before this Court.

II.—The Appellants cannot avail themselves of errors in law occuring at the trial, unless they were excepted to at the trial, or settled in the statement of a case. *Comp. Stat. p.* 564, *sec.* 56, 59, *sub.* 7; 3 *Minn. R.*, *p.* 141.

III.—The Court below committed no error in excluding testimony offered in folio 76. It related to a quit claim of lands, entirely different from that about which the alleged agreement was made. The whole agreement was void and immoral, as against public policy and express law, being for the sale of a pre-emption claim, as the evidence shows. *Vide act of Congress*, 1841.

IV.—The Court below properly sustained Defendant's objections to the question, " Did you know the instrument was a mortgage when you signed it ?" It was calling for a conclusion of the witness's mind ; which could not be disproved. The Plaintiff had the benefit of all the facts. They were all elicited.

V.—The instructions requested were not submitted to Defendant's counsel, which disposes of them. They might have been consented to. There was no exception, and the Plaintiff having neither excepted at the trial or in his case, is presumed to have waived the error, if any there was.

VI.—There was no error in denying the requests. The matter of them was moreover substantially given.

VII.—There was no error in the charges given, and if there was, it was waived by the omission to except.

VIII.—The preponderance of evidence is with the Defendant. At the worst, there is contradictory evidence upon every issue. *See Woodbury vs. Larned, 5 Minn. R.*

NEWELL, Counsel for Appellant.

JOHN B. BRISBIN, Counsel for Respondent.

*By the Court*—ATWATER, J.—This was an action to cancel and set aside a note and mortgage given by Plaintiffs to one Pross, and by him assigned to Defendant, Baasen. The ground upon which the relief is claimed, is, that the mortgage was fraudulently obtained by Pross, and that Defendant took the assignment with notice of the fraud. There was a jury trial, and verdict for the Defendant. The Plaintiffs moved for a new trial, which was denied, and Plaintiffs appeal.

The Plaintiff, who was sworn as a witness on the trial, stated, that " Pross told me something when the quit claim deed was executed, in complaint set forth." The Defendant then objected to any testimony about the quit claim deed, or what was said by Pross when it was executed, and the Court excluded the testimony. There was no exception to this ruling. The Appellant now alleges this as ground of error.

*Sec. 59, of p.* 564 *Comp. Stat.* provides in what cases, and upon what grounds a new trial may be granted, and among others, sub. 7 allows a new trial for " error in law, occurring at the trial, and excepted to by the party making the application."

The statute has thus declared that in order to enable a party to take advantage of an error of law occurring at the trial, the party complaining of such error must have taken an exception thereto. Whatever view, therefore, the Court might take of the policy of such a requirement, it must be governed by it. But the rule itself is so just and necessary, and the reasons for it so numerous and obvious, that any ar-

gument in vindication of it would be entirely superfluous and out of place. Where a party offers evidence, which is excluded by the Court, and no exception is taken, it will be understood that the party acquiesces in the decision and waives the evidence.

The Appellant, however, claims that the rule applies to a bill of exceptions only, and not to a case. What the papers presented to this Court, (and purporting to contain the pleadings and proceedings on the trial) may properly be called, it would be difficult to say, as there is no certified record of any of the papers or proceedings, nor any stipulation that those presented should be received as a case, or otherwise. But if this is to be considered as a case, the objection clearly is not well taken. For sec. 60 of the same chapter provides that " when the application is made for a cause mentioned in the fourth, fifth and *seventh* subdivisions of the last section, it is made either upon the Judge's minutes, or a statement of the case prepared as prescribed in the next section." This shows conclusively that if the Defendant claims error under the 7th subdivision, he must move upon the Judge's minutes or a case prepared, and no reference is made, in any manner, to a bill of exceptions.

It is also urged by Appellants, that if an exception had been taken to the exclusion of the testimony, it would not have obviated the Defendant's objection to its introduction, as the testimony offered was the only testimony that could be offered.

What the ground of the Defendant's objection to the testimony was, does not appear, nor what was proposed to be proved by the witness. This Court, therefore, cannot determine whether the Defendant's objection could have been obviated or not by other testimony. The Appellant has referred to some authorities to show, that upon a case, advantage might be taken of an erroneous ruling or charge, without excepting to the same, though not upon bill of exceptions, and also that where the evidence offered is of such a nature that none other could be produced, no exception is necessary. We think both these cases are covered by our statute, and that if the rule contended for has obtained in other States, it cannot be

regarded as authority under the code. At all events, if the Appellant can here urge as error the exclusion of evidence to which he has taken no exception below, on the ground that if an exception had been taken, it would not have obviated the objection, from the fact that no other proof could. be offered, the case must clearly show the existence of that fact, and not leave it for inference only, as in the case at bar.

The witness was asked the question, "Did you know the instrument was a mortgage when you signed it?" This was objected to by Defendant, and the question excluded, to which Plaintiff excepted.

The answer to this question called for a conclusion of the mind of witness, and in no otherwise was it or could it be the proof of any fact. If the question was proper, it would have been pertinent in rebuttal for the Defendant to have proposed the same question to some other witness. In a conflict be_ tween witnesses on such point, it is difficult to see how the jury could decide upon such evidence, unless it were upon the ground of giving more weight to the Plaintiff's evidence from the fact that he must better know the conclusions of his own mind than could any other person, and thus put it in the power of a party to offer a species of evidence which by no possibility could be contradicted, and upon which perjury could not be assigned. The Appellant, however, claims that perjury could be assigned upon the answer, since, if the witness had said he did not know it to be a mortgage, it must have been equivalent to saying that it was not a mortgage. If this be correct, the answer to the question could be of no benefit to the Plaintiff, since the instrument must show for itself what its legal character is. Nor, indeed, would the fact alone that the Plaintiff did not know that the instrument was a mortgage, constitute any defence, if the circumstances were such that he might have known, or may reasonably be presumed to have known the fact. And this suggests the nature of the proof competent and proper upon the issue, to wit, the facts and circumstances surrounding the transaction, from which the jury may find what knowledge, or means of knowledge, the Plaintiff had upon the subject.

The Plaintiff submitted to the Court three several proposi-

tions in writing, which were not submitted to the counsel for the Defendant, which the Court was requested to give as a charge to the jury. The Court declined to charge as requested. The Appellant now claims, in regard to the third proposition, that the refusal to charge as requested was error, for which a new trial ought to be granted.

We think there was no error in the refusal to charge as requested; and if there had been, the Appellant has not placed himself in a position to take advantage of it. In the first place, the charge requested should have been submitted to the opposite counsel, as it might have been assented to, and the charge given. And, secondly, the Plaintiff has taken no exception to the refusal to charge as requested. The same rule prevails here, as in regard to the improper admission or rejection of testimony.

For the same reason as last above stated, the Appellant cannot urge objections to the charge, or portions of the same, as actually given. No exception was taken at the time, and the Plaintiff must be held to have waived all objections to the same. Where a Court is required to charge upon perhaps a number of propositions, without time for examination, it is scarcely to be expected but that sometimes expressions should be used which would not bear the rigid scrutiny of law. But it would lead to the most pernicious results, to permit a party claiming to be prejudiced, to sit quietly by without raising any objection, and afterwards, at his leisure, study out objectionable portions of the charge, and claim a new trial upon such ground. In this case, however, we observe no errors, or none of serious moment, in the charge given to the jury, and think it as favorable, on the whole, for the Plaintiff, as he could have had reason to expect.

Nor can the verdict be disturbed on the ground that the evidence is insufficient to sustain it. Not only is the verdict not contrary to evidence, but in the judgment of this Court, the evidence largely preponderates in favor of the Defendants. Certainly under the rules applicable to this point, no Court would be justified in setting aside the verdict on this ground.

We cannot dismiss the case without remarking, that by the showing of the Plaintiff himself, his claim has but little equity

entitled to consideration. He admits the receipt of the money from Pross, which the mortgage was given to secure. But he claims Pross agreed to pay him $1,000 for his interest in 160 acres of land near St. Peter, and the improvements. His claim is, that he was to go on to the land, make improvements, and prove up and deed the land to Pross. By his own state- ment he was on the land fourteen and a half days, and then. abandoned it and never proved up. That Pross furnished the money to make what improvements were made. His whole claim, then, for the one thousand dollars rests upon this four- teen and a half days' labor, rendered upon an agreement clearly illegal and against public policy, an agreement which could never have been enforced in any Court of law or equity. If Pross ever did in fact agree to pay the Plaintiff $1,000 for this service, (which he positively denies,) and has succeeded in getting it back, or security for it, these facts do not present a very strong ground for the interference of a court of equity.

The order refusing a new trial is affirmed.