Lampe v. Railways Co.

GEORGE LAMPE, By Next Friend, Appellant, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Respondent.

St. Louis Court of Appeals, November 4, 1913.

1. TRIAL PRACTICE: Right of Counsel to Inspect Instructions. A refusal by the trial court to allow counsel to inspect the instructions requested by the adverse party, before they are passed upon and read to the jury, is reversible error.

2. INSTRUCTIONS: Nondirection. If an instruction is proper in its general scope, the fact that it omits an element which it would be better to incorporate in it is not reversible error, unless the adverse party requests an instruction supplying the omitted element.

3. APPELLATE PRACTICE: Trial Practice: Refusal to Allow Counsel to Inspect Instructions: Prejudical Error. The trial court's erroneous refusal to allow plaintiff's counsel to inspect the instructions requested by defendant, before they were passed upon and read to the jury, cannot be said to have been harmless, and, therefore, not reversible error, under Sec. 2082, R. S. 1909, even though plaintiff was allowed an exception to the giving of such instructions, permitting him to have them reviewed, and hence such error was presumptively prejudicial.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*Earl M. Pirkey* for appellant.

It is reversible error for the trial judge to refuse the attorney of a litigant permission to see instructions before they have been given.   Harding v. Railroad, 232 Mo. 444.

*Boyle & Priest, T. E. Francis* and *Elmer C. Adkins* for respondent

A general exception to the instructions of the adverse party is all that is necessary to permit of their

review by the appellate court. Harding v. Railroad, 232 Mo. 457.

NORTONI, J.—This is a suit for damages accrued to plaintiff through an alleged unlawful assault upon him by defendant's conductor. The finding and judgment were for defendant and plaintiff prosecutes the appeal.

Plaintiff is a minor, aged about seventeen years, and prosecutes the suit by his next friend duly appointed. Defendant is a common carrier of passengers in the city of St. Louis, and as such operates a line of street cars on Broadway. The evidence for plaintiff tends to prove that he boarded one of defendant's cars on Broadway, about seven o'clock in the evening, with the intention to become a passenger thereon. The car was crowded, so that it was impossible for him to enter either within the car or upon the platform. Because of this fact, it is said, he rode with one foot on the step of the rear platform of the car and the other on an iron bar attached thereto, but with his body leaning over the street. Having thus taken his place, the car started forward and ran several blocks before the conductor appeared collecting fares. Plaintiff said he intended to pay his fare to the conductor and had the money to do so, but, upon working his way through the crowd, the conductor immediately assaulted him. According to plaintiff's version and that of several witnesses for him, the conductor struck at plaintiff's head with an iron or steel punch. In endeavoring to avoid the force of the impending blow, plaintiff lost his balance and fell from the car, to his injury, which resulted, among other things, in a broken arm. *Contra* to this, the evidence for defendant tends to prove that plaintiff was not a passenger upon the car at all and was not assaulted by the conductor in any wise. It suggests with considerable force that he was but a trespasser stealing

a ride and fell off from his place at the rear of the car without interference or assault from anyone.

There are several arguments advanced for a reversal of the judgment, but we will notice one of them only, for it pertains to such an obvious error in the conduct of the trial that it should not be subordinated to, or confused by the discussion of, others. After the evidence was in, it appears the counsel on either side submitted their instructions in writing in due course, under our statute, to the court, together with the usual request involved therein that they should be given; whereupon plaintiff's counsel requested of the court permission to examine the instructions requested by defendant's counsel before it passed upon the same and had them read to the jury, which request the court denied. Having thus denied the right of plaintiff's counsel to see or inspect the instructions requested on behalf of defendant, the court proceeded to modify plaintiff's instruction No. 1 and gave it as modified, gave others on its own motion, and others requested by defendant, all of which were read to the jury. Plaintiff objected and excepted to this course at the time, and insisted upon his right to see and read defendant's instructions before they were finally passed upon by being marked given or refused by the court, and excepted again to the giving of each and all of the instructions on the part of defendant as well as to those given by the court on its own motion.

Touching this matter the bill of exceptions recites: "When defendant requested the court to give said instructions, plaintiff's attorney, Earl M. Pirkey, asked the court to permit him to see the instructions so requested by defendant before they were acted on by the court, but the court refused said request and would not permit plaintiff's said attorney to see any of said instructions before they were acted on by said court, but said court attached said instructions to the two instructions given at the instance of plaintiff,

as above mentioned, and to the modified instruction, being instruction 1, and to the three other instructions given by the court of its own motion, and had them read to the jury, and plaintiff's said attorney had no opportunity to see any of said instructions so requested by defendant and given until after they had been read to the jury.''

''To the said action of the court in refusing the said request of plaintiff's counsel to see said instructions numbered 4, 5, 6, 7, 8, 9 and 10, before they were acted on by the court, plaintiff duly objected and excepted at the time.''

''To the said action of the court in not permitting plaintiff's said counsel to see said instructions numbered 4, 5, 6, 7, 8, 9 and 10, until after they had been read to the jury, plaintiff duly objected and excepted at the time.''

''To the action of the court in giving said instructions 4, 5, 6, 7, 8, 9 and 10, and each of them, plaintiff duly objected and excepted at the time.''

The theory on which the court denied this reasonable request of plaintiff's counsel does not appear, and, indeed, no valid one can be formulated. Obviously it was but the arbitrary exercise of a power which may not be justified or condoned in a court, erected for the purpose of trying causes between litigants, which is declared by our Constitution to be open to every person for the purpose of administering right and justice without denial. [Sec. 10, Bill of Rights, Constitution of Missouri.] It is the usual course to permit counsel on opposing sides to inspect instructions requested by their adversary, to the end that a more intelligent presentment of the issue may be given to the jury in the instructions when finally passed upon and given by the court. We have been unable to discover any authoritative decision in this State on the precise question here involved, for the reason, no doubt, that such requests to inspect instructions have not been denied. How-

ever, the dissenting opinion of Judge Woodson in the case of Harding v. Mo. Pac. R. Co., 232 Mo. 444, 452-456, 467, 134 S. W. 641 reveals the views of that jurist on the question, and it seems that none of his brethren of the Supreme Court intimated a contrary opinion on the proposition asserted by him. Touching it, Judge Lamm remarked: "When a court refuses to counsel the right to examine instructions and exception is taken to that course, we can deal with that case when here." The majority opinion in that cause is silent on the question because it was not made there, and it seems Judge Lamm merely referred to it because it was raised by way of argument in Judge Woodson's dissent. Touching this matter Judge Woodson said:

"Has it come to pass, where counsel, sworn officers of the court and the representatives of litigants therein, where their lives, liberty and property are involved, dare not ask the trial court the privilege of seeing and reading the instructions before they are given? I think not. I know of no such judge; . . . Nor have I ever heard of a court refusing counsel the privilege of · seeing the instructions asked by the counsel for the opposite party prior to the court's ruling thereon; but upon the other hand, my experience and observation has been that courts invariably request counsel for the respective parties to exchange instructions prepared by them in order that they may assist the court in arriving correctly at the law of the case by pointing out any error they may contain, and thereby enabling the court to avoid error in declaring the law. It is here where counsel can best serve their clients' interests, and better aid the court in the proper administration of the law than anywhere else. . . . Every litigant of this State has a constitutional right to be heard either in person or by counsel, upon both the law and facts of his case, and that means a real hearing, not merely a hearing in name. . . . Instead of encouraging such practice and usurpation of power, if it exists, this court

should, in unmistakable terms, place its seal of con-
demnation thereon, and require the trial courts to give
counsel a respectful hearing upon the law of the case,
and furnish them reasonable opportunities to see and
read the instructions before they are given, in order
that they may point out any error they may contain
and make intelligent objections thereto, just as is done
in passing upon the evidence of the case. . . . No
power or authority can prevent, rather has every pre-
vented, counsel from seeing these instructions before
they are given or refused. The same may be said of
those written by the court and given of its own motion.
I dare say there is not one case in ten thousand where
the court ever refused counsel the right and privilege
of seeing the instructions when requested, or denied
him the right to suggest, point out and object to any
error that he may believe to exist therein. If such de-
nial should be made by a court in the trial of a case,
counsel could and doubtless would object to such action
of the court and lodge it in the bill of exceptions and
bring it here for review." [See Harding v. Mo. Pac.
R. Co., 232 Mo. 444, 453-467, 134 S. W. 641.]

The observations above copied are couched in
vigorous language and no doubt reflect in a measure
the spirit of judicial thought on the subject, for courts
of high authority have approached the identical ques-
tion from different view points and determined it like-
wise. For instance, it is said to be proper for the court
to accord the adverse counsel an opportunity to present
an argument against giving instructions requested by
the counsel for the other party. Such is the view of the
Supreme Court of New York. [See Sullivan v. Mc-
Manus 19 App. Div. N. Y. 167; s. c. 45 N. Y. Suppl.
1079; see, also, 38 Cyc. 1703.] So, too, the Supreme
Court of Pennsylvania says it is proper for the court
to refuse instructions alone on the ground that they
have not been submitted to the adverse party for in-

spection when the rule of court in that behalf requires such to be done. [See Haines v. Stauffer, 13 Pa. St. 541; s. c. 53 Am. Dec. 493.] In the case last cited it appears a rule of court obtained requiring instructions to be submitted to the adverse party and the judgment was predicated in part on that ground. But be this as it may, the Supreme Court of Minnesota declares the same doctrine where no rule of court touching the matter appears. In that case the court says:

"The plaintiff submitted to the court three several propositions in writing, which were not submitted to the counsel for the defendant, which the court was requested to give as a charge to the jury. The court declined to charge as requested. The appellant now claims, in regard to the third proposition, that the refusal to charge as requested was error, for which a new trial ought to be granted. We think there was no error in the refusal to charge as requested; and if there had been, the appellant has not placed himself in a position to take advantage of it. In the first place, the charge requested should have been submitted to the opposite counsel, as it might have been assented to, and the charge given." [See Roehl v. Baasen, 8 Minn. 26, 32, 33.]

In that case it does not appear that the court denied the right, as here, and therefore the precise point decided is that the party waived his right to complain of an instruction, for that he omitted to submit it to his adversary before given. But to that extent it affirms the right of the party to see and read the instructions requested by his adversary before the court passes upon the same and in that respect vindicates plaintiff's right here to have his reasonable request granted by the court which denied it. The Supreme judicial court of Massachusetts considered a similar question in Kenny v. Inhabitants of Ipswich, 178 Mass. 368, but there the trial court has not denied the party's right to inspect the instructions of his adversary as was done

in the instant case. An instruction was refused by the court when the adverse counsel was in the court room but without his knowledge. Subsequently, on the prayer for exceptions when the bill was made, it was objected that an exception ought not to be allowed on the ground of refusing such instruction, for the reason the adverse counsel was not advised concerning it at the time the request was made and accorded an opportunity to inspect the instruction refused. The court nevertheless allowed the exception and considered it because it said in the confusion which attends the conclusion of a trial counsel might frequently overlook the fact that requests were being made and it would not do as a matter of law to make the right to exception depend on the mere failure of adverse counsel to observe proceedings. However, the court affirmed the right of a litigant to read and inspect the instructions of his adversary as a general rule, to the end of being heard thereon and said that ''the practice is founded in justice and should be followed as the proper course.''

In Alabama, the court permitted the counsel to inspect and read the instructions of his adversary before they were passed upon and this was assigned as error on appeal. In disposing of that question, the Supreme Court said:

''It is difficult to conceive any step or proceeding taken in open court, by either party, in the conduct and progress of a trial, of which the adversary party has not the undoubted right to be informed, and the opportunity to examine, and deny or avoid. *Concealment and secrecy, in such case, are violations of the rights of litigants, and contravene the policy of public trials, and the right of every party to be heard.* There is no error in the court having permitted the attorneys of the plaintiff to examine the written charges requested by defendant. An examination was proper, and may have been necessary to enable them to determine whether to waive, except, or ask explanatory or quali-

fying instruction." [See Ala. G. S. R. Co. v. Arnold, 80 Ala. 600, 608.]   (Italics are ours.)

There can be no doubt that a denial of the right of an adverse party to see and inspect the instructions of his opponent and a hearing thereon when requested before they are finally passed upon by the court is violative of the spirit of our American institutions and contravenes both the traditions and the policy of the common law.   So, we say with the Supreme Court of Alabama, that concealment with respect to such matters is a violation of the rights of a litigant and contravenes the policy of public trials and the right of every party to be heard in court and throughout the trial of his cause.

Then, too, there is a well established rule of decision which obtains in this State to the effect that where an instruction does not amount to misdirection of the jury but is proper enough in its general scope and merely omits some element which it would be better to incorporate, such defect will not be considered as reversible error alone, and it therefore devolves upon the adverse party to request instructions giving the omitted element, or be treated on appeal as having waived his rights with respect to that matter.   Such is the purport of the decision in Browning v. Wabash, etc. R. Co., 124 Mo. 55, 27 S. W. 644.   See, also, Morgan v. Mulhall, 214 Mo. 451, 463, 464, 114 S. W. 4.   In order to effectuate and work out a just result under this rule, it is essential for either party to know before the instructions are finally given to the jury as to what is included within them, otherwise rights may be forfeited on the ground of a waiver, which should not obtain for the reason the party was without knowledge of the omitted element in the instruction of his adversary. Though it be that no such question arises here, we believe it to be proper to call attention to this rule for the purpose of revealing the practical side of, and the urgent necessity for, a preservation of the right of the

party to read the instructions of his adversary in advance.

But it is said that prejudicial error such as would authorize a reversal of the judgment therefor does not inhere in this ruling, for the reason that, under the decision of the Supreme Court in Harding v. Mo. Pac. R. Co., 232 Mo. 444, 134 S. W. 641, plaintiff could avail nothing by objecting to the instruction and that he saved his rights *in toto* with respect to a review on appeal by merely excepting to the giving of the same. But we believe this argument to be unsound, for, indeed, plaintiff possessed rights other than that to a review on appeal. It may be that had he been accorded his right to inspect the instructions of defendant as requested, plaintiff could have offered convincing argument to the court against the giving of those accorded to defendant and induced the giving of others in his own behalf which would have submitted his case to the jury with the issues more clearly defined and thus enabled a recovery for him. These rights obtained in the trial court and they were denied him by the ruling made. Beyond this we decline to penetrate the view and conjecture what might have been. The ruling of the court impinged the policy of the law and of our institutions in denying the right to an open public trial throughout and we are unable to say, under the statute (Sec. 2082, R. S. 1909), that we believe this error did not affect the merits of plaintiff's case. This being true, the presumption goes that it did.

For the reasons above given, the judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.