GEORGE LAMPE, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Opinion Filed July 30, 1920.

1. **CARRIERS OF PASSENGERS: Malicious Assault: Person Riding on Platform Assaulted by Conductor: Relationship of Passenger and Carrier: Unnecessary to Recovery.** In an action for damages for personal injuries alleged to have been sustained by reason of an assault upon the plaintiff by a street car conductor, the allegation of the existence of the relation of passenger and carrier was unnecessary to a statement of a cause of action in plaintiff's favor arising from a sudden, unprovoked, wilful and

malicious assault made upon him by such conductor, without warning, and without affording him an opportunity either to pay his fare or leave the car in safety; the cause of action upon which recovery was sought not being one necessarily arising out of the relationship of passenger and carrier, but one which may arise independently thereof, and the petition not in terms counting upon a breach by defendant of a duty which, as carrier, it owed to plaintiff as a passenger.

2. **PLEADING:** Malicious Assault: Allegation of Relationship of Passenger and Carrier: Surplusage. Even though plaintiff alleged that he was a passenger upon defendant's street car, having alleged a sudden, unprovoked, willful and malicious assault made upon him by the conductor, without warning and without affording him an opportunity either to pay his fare or leave the car in safety, it was not necessary for plaintiff to make proof of the averment that the relation of passenger and carrier existed; that averment being unnecessary to a statement of a cause of action in his behalf.

3. ———: Proof: Surplusage: Unnecessary Allegations Eliminated. Proof is only required of those allegations necessary to a recovery, and those unnecessary to that end may be eliminated as surplusage.

4. **INSTRUCTIONS:** Erroneous: Error Not Cured by Giving Proper Instruction. If it was error to give an instruction for plaintiff, purporting to cover the case and directing a verdict, in that the instruction omitted to require a finding essential to a recovery. such error, if any, was not cured by the giving of a proper instruction for plaintiff requiring such finding.

5. **APPELLATE PRACTICE:** Instructions: Erroneous Instruction: Disregarded: Not Affecting Merits of Action: Harmless Error. Where in an action for damages for personal injuries alleged to have been caused by a street car conductor's assault, plaintiff's first instruction authorized the jury to assess punitive as well as compensatory damages, upon finding the facts therein hypothesized, including the finding that plaintiff intended to pay his fare and thus become a passenger, and the jury assessed both punitive and compensatory damages, the giving of a second instruction for plaintiff which allowed a recovery of compensatory damages alone without requiring a finding that plaintiff intended to pay his fare, and the refusal to give instructions offered by defendant denying recovery unless the jury found that plaintiff intended to pay his fare, if error, was harmless, since it appears that the jury were not thereby misled to appellant's prejudice, and *held* not error materially affecting the merits of the action or the substantial rights of the appellant.

Appeal from the Circuit Court of the City of St. Louis.
—*Hon. Victor H. Falkenhainer,* Judge.

AFFIRMED.

*T. E. Francis* and *Chauncey H. Clark* for appellant.

(1)   The court erred in giving plaintiff's Instruction No. 2 for the reason it narrowed the issues, in that plaintiff's petition counted upon the theory that defendant's duty to plaintiff was created by a contract between plaintiff and defendant to carry plaintiff as a passenger, and that this duty was violated by the act of the conductor in striking at plaintiff with a metal conductor's punch while plaintiff was in a position of danger on a rapidly moving car, whereby plaintiff was caused to fall to the street, thereby sustaining personal injuries, whereas this instruction permitted a recovery without requiring a finding of a contract of carriage, and, hence, without requiring a finding that the alleged duty existed.   Garrett v. St. Louis Transit Co., 219 Mo. 65; Raming v. Railway Co., 157 Mo. 477; Degonia v. Railroad, 224 Mo. 564; Scrivner v. Railroad, 260 Mo. 421; Wojtylak v. Coal Co., 188 Mo. 260; Hall v. Coal Co., 260 Mo. 351; Banks v. K. C. Rys. Co., 217 S. W. 488; (2)   The error in plaintiff's instruction No. 2, set out in Point I, is not cured by the other instruction for the reason that it purports to cover the entire case, and direct a verdict for the plaintiff on the facts therein hypothesized, and is also directly in conflict with instruction No. 1.   Pearson v. Lafferty, 193 S. W. 40; Walker v. White, 192 Mo. App. 13; Hall v. Coal Co., 260 Mo. 351; Chitty v. Railroad, 148 Mo. 64; Moyes v. Railroad, 186 S. W. 1027.   (3)   The court erred in refusing to give the jury instruction A requested by defendant, which is as follows: "The court instructs the jury that if you believe from the evidence plaintiff had no intention of paying his fare, but was stealing a ride on the car, then he is not entitled to recover and your verdict

will be for defendant.'' This instruction merely sub-
mitted facts which, if true, negative plaintiff's case.
''The respective rights and duties of passenger and car-
rier are so radically different from those of a tres-
passer and assaulter that the evidence establishing the
one would be a total variance from the other; and, if,
as before suggested, Garrett (plaintiff) was a trespass-
er and not a passenger upon the car at the time in
question, then appellant (plaintiff) totally failed to
make out her (his) case, and she (he) was not entitled
to recover, as stated in said instruction Number 8 (A).''
Garrett v. Transit Co., 219 Mo. 65; Raming v. Railway
Co., 157 Mo. 477; Gilkey v. Sovereign Camp of Wood-
men of the World, 178 S. W. 875; Johnston v. Grayson,
230 Mo. 380; Buchholz v. Insurance Co., 177 Mo. App.
683; McCorskey v. Murray, 142 Mo. App. 133; Northern
v. United Railways Co., 176 S. W. 227; Gannon v. La-
clede Gas Light Co., 145 Mo. 502; Tawney v. United
Railways Co., 262 Mo. 602; Banks v. Kansas City Rys.
Co., 217 S. W. 488. (4) The court erred, for the rea-
sons set out under the last preceding point, in refusing
to give the jury instruction B requested by defendant,
which is as follows: ''The court instructs the jury that
although you may believe from the evidence plaintiff
fell from the car and was injured, yet the court instructs
you that he is not entitled to recover, if you find from
the evidence that he had no intention of paying his
fare, but even if you find he intended to pay his fare,
still he is not entitled to recover if you find from the
evidence the conductor did not strike at him.'' Gar-
rett v. Transit Co., 219 Mo. 65 Raming v. Railway Co.,
157 Mo. 477; Gilkey v. Sovereign Camp of Woodmen of
the World, 178 S. W. 875; Johnson v. Grayson, 230 Mo.
380; Buchholz v. Insurance Co., 177 Mo. App. 683; Mc-
Croskey v. Murray, 142 Mo. App. 133; Northern v.
United Railways Co., 176 S. W. 227; Gannon v. Laclede
Gas Light Co., 145 Mo. 502; Tawney v. U. R. Co., 262
Mo. 602; Banks v. K. C. Rys. Co., 217 S. W. 488.

*Earl M. Pirkey* for respondent.

(1) The appellate court takes judicial notice of a former appeal and of the record thereof, State ex rel. St. Joseph Water Company v. Eastin, et al., 192 S. W. 1010; Keaton v. Jorndt, 259 Mo. 189. (2) For an unprovoked assault, or for unnecessary violence, used by the conductor upon a person on a street car, the street car cmpany is liable, regardless of whether the person was a passenger or a trespasser. Whitaker v. Railroad, 252 Mo. 458; Farber v. Mo. P. R. Co., 139 Mo. 272; Gates v. Q. O. & K. C. R. Co., 125 Mo. App. 342; Randall v. C. R. & P. Ry. Co., 102 App. 351; Hoehl v. Wabash R. Co., 119 Mo. 325. (3) If plaintiff proves sufficient facts to make a case and these facts are stated in the petition he is entitled to recover on these facts although he does not prove everything alleged in the petition. Campbell v. The Mo. P. R. Co., 121 Mo. 348; Hartpence v. Rogers, 143 Mo. 632; Taylor v. St. Louis Merchants' Bridge Ter. R. Co., 207 Mo. 501; State ex rel v. Chicago & Alton R. R. Co., 265 Mo. 700; Radcliffe v. St. Louis, I. M. & S. R. Co., 90 Mo. 127; Hubbard v. Wabash R. Co., 193 S. W. 585. (4) In an action based upon an assault by the conductor, it is unnecessary to allege that the person assaulted was a passenger; such allegation is surplusage. Adams v. St. L. & S. F. R. Co., 149 Mo. App. 283. (5) To entitle appellant in a civil case to a review of the trial court's action in granting or refusing an instruction, the motion for a new trial must specifically identify the instruction. A general assignment that the court erred in giving or refusing instructions is insufficient. State v. Selleck, 199 S. W. 131.

PER CURIAM:—This is an action for personal injuries alleged to have been sustained by plaintiff by reason of the wrongful act of one of defendant's conductors in striking at plaintiff with a "metal punch" while plaintiff was riding in a position of danger at the rear of a rapidly moving street car operated by defend-

ant, whereby plaintiff was caused to fall to the street, sustaining injuries. The trial below resulted in a verdict in plaintiff's favor for $1000 actual damages and $750 punitive damages. The trial court required plaintiff to remit $500 of the amount assessed as actual damages, and, upon such remittitur being made, judgment was entered for plaintiff in the total sum of $1250. From this judgment the defendant prosecutes the appeal now before us.

This is not the first appearanec of the case in this court. On the first appeal a judgment for the defendant was reversed, for reasons which will appear in the opinion, and the cause remanded for a new trial. [See Lampe v. United Rys. Co., 177 Mo. App. 652, 160 S. W. 899.] A retrial resulted in the judgment first mentioned above, and which is now before us for review. On this last appeal we have previously handed down an opinion (see Lampe v. United Railways Co., 202 S. W. 438), in which, following the ruling of Division No. 2 of the Supreme Court in Kansas City Disinfecting & Mfg. Co., v. Bates County, 201 S. W. 92, we held that the assignments in the motion for a new trial were insufficient to permit a review of the rulings of the court below upon the instructions given and refused. Thereafter the Supreme Court, upon *certiorari*, quashed the judgment of this court in the cause, holding that the decision of the Supreme Court in Wampler v. Railroad, 269 Mo. 462, 190 S. W. 908, a decision en Banc prior to that in the Kansas City Disinfecting & Mfg. Co. case, was controlling upon us; and that the opinion in the last-mentioned case, in Division No. 2 of that court, though citing the Wampler case as authority for the ruling therein, was not in harmony therewith. [See State ex rel. United Rys. Co. v. Reynolds, et al., 213 S. W. 783.]

Since the said decision of the Supreme Court in the case on *certiorari,* the cause has been reargued and resubmitted for our determination.

The petition, after making certain formal allegations, proceeds as follows:

"That on October 6, 1909, plaintiff was at the south crossing of Broadway and Montgomery streets, two streets in said city of St. Louis, intending to become a passenger upon defendant's southbound car then approaching said Montgomery street from the north on tracks of defendant's street railway line on said Broadway;

"That while plaintiff was so at said crossing, said car stopped at said crossing for the purpose of receiving passengers and while it was so stopped plaintiff, for the purpose of being carried as a passenger on said car from said Montgomery street to the business part of said city of St. Louis south of Franklin avenue in said city, stepped on the step of the rear platform of said car and an iron bar of said car located at its rear, and said car shortly thereafter was caused by defendant to proceed southward on said tracks on said Broadway with plaintiff standing on said step and said bar;

"That plaintiff while on said car stood on said step and bar and he so stood because the platforms and inside of said car were filled with passengers, and plaintiff at all times while so on said car was ready, able, willing and intending to pay his fare to defendant for riding on said car and was waiting for an opportunity to pay defendant his said fare;

"That said car was not a car commonly known as a 'pay as you enter car' but was a car on which defendant's conductor in charge thereof usually and habitually proceeded from passenger to passenger to collect their fares;

"That at the time plaintiff was injured as hereinafter mentioned and for a long space of time next prior thereto defendant usually and habitually, when the platforms and inside of its cars on said Broadway line were filled with passengers, permitted passengers to at all times stand on the steps of the platforms of such crowded cars and on the bars of such cars similar to the bar plaintiff stood on as aforesaid;

"That on October 6, 1909, while said car was so proceeding southward with plaintiff thereon as aforesaid, and as a passenger, and was in rapid motion and before plaintiff had had an opportunity to pay his fare, defendant's conductor then in charge of said car, did willfully, wrongfully, unlawfully, maliciously, and without provocation, cause or excuse, attempt to strike plaintiff with a metal object, known as conductor's punch, and in so attempting did willfully, wrongfully, unlawfully, maliciously, and without provocation, cause or excuse strike at plaintiff with said object whereby plaintiff was caused to lose his footing and to fall and be thrown from said car while it was so in rapid motion to and upon the street in the vicinity of Cass avenue in said City, whereby he was jarred and shocked and was cut and bruised about his head, limbs and body and one of the bones of his left forearm was broken and he was caused to sustain severe nervous injuries and shock;

"That said acts of said conductor were within the scope of his employment and authority under defendant and were done while he was undertaking to serve defendant as such conductor and while he was in the course of his employment under defendant;

"That by his injuries so sustained plaintiff has suffered and will suffer great pain of body and mind and his left arm is permanently crippled, disabled and injured, and he has sustained permanent nervous injuries and shock to his damage in the sum of two thousand dollars;

"That as said attempt of said conductor to strike plaintiff and his act in striking at plaintiff were unlawful, malicious, wrongful, willful and without provocation, cause or excuse, plaintiff asks damages by way of punishment in the sum of one thousand dollars.

"Wherefore, plaintiff asks judgment against defendant for two thousand dollars actual damages and one thousand dollars punitive damages, a total of three thousand dollars."

The answer is a general denial.

The evidence in plaintiff's behalf is to the effect that between 7:30 and 8:00 o'clock on the evening of October 6, 1909, while certain festivities were in progress in the city of St. Louis, plaintiff, who was then sixteen years of age, in company with some boys of about his own age, undertook to ride upon one of defendant's southbound street cars on Broadway, in said city, from the intersection of Montgomery street and Broadway to the business portion of the city. The cars were all crowded with passengers and, according to plaintiff's evidence, he and his companion, after several cars had passed them, got upon a car and stood upon the steps and other portions thereof about the rear platform which was filled with passengers. The testimony shows that plaintiff stood with one foot on the rear end of the car step at the right of the rear platform and with the other foot upon a heavy iron bar protruding from beneath the rear end of the platform, as alleged in the petition. Plaintiff testified that he had money with which to pay his fare, and that it was his intention to do so. According to the testimony of plaintiff and that of his companions, defendant's conductor came from the interior of the car upon this rear platform and, without demanding fare of plaintiff, and without any warning whatsoever, struck at plaintiff with his conductor's punch, whereby plaintiff was caused to fall from the moving car to the street, by reason of which he suffered a broken arm.

At the close of plaintiff's case, and again at the close of the entire case, defendant offered a peremptory instruction in the nature of a demurrer to the evidence, which the court refused to give.

Four instructions were given at the request of the plaintiff, and six at the request of the defendant. One instruction was given by the court of its own motion; and two instructions offered by defendant were refused.

The court's ruling on the demurrer to the evidence is not challenged. The assignments of error before us charge that the court erred in giving plaintiff's instruction No. 2, and in refusing defendant's two refused instructions, marked "A" and "B." Because of the arguments advanced on appeal with respect to the rulings below on the instructions, we here set out in full plaintiff's two main instructions, No. 1 and No. 2, and likewise defendant's refused instructions.

The two said instructions given for plaintiff are as follows:

"The court instructs the jury that if they find from the evidence in this case, that on and before October 6, 1909, the defendant was in possession and control of and operating a street railway and cars on Broadway, in the city of St. Louis, Missouri, for the purpose of carrying passengers for hire in said city as a street railway, and that Montgomery street and said Broadway were at said times streets in said city, and that on said October 6, 1909, defendant was in possession and control of and operating a southbound car on said Broadway for the purpose of carrying passengers for hire in said city of St. Louis on said railway line and that on said day the plaintiff was at the south crossing of said Montgomery street and said Broadway in said city of St. Louis intending to become a passenger upon said southbound car, and that whilst plaintiff was so at said crossing and intending to become a passenger on said southbound car, said southbound car was by defendant stopped at said crossing for the purpose of receiving passengers thereon and that while said car was so stopped plaintiff stepped on the step of the rear platform of said car and an iron bar of said car located at its rear for the purpose of being carried as a passenger on said car from said Montgomery street to the business part of said city south of Franklin avenue and to pay his fare as such passenger and that during the time plaintiff was on said car he was standing on said step and bar and the platform and inside of said car were filled with

passengers, and that defendant usually and habitually when the platforms and inside of its cars on said line on said Broadway were filled with passengers permitted passengers to stand on the steps of the platforms of said cars and on the bars of said cars similar to said iron bar; and if the jury further find from the evidence that the plaintiff while standing on said step and bar of said car was a passenger and was intending to pay his fare on said car and was ready and able to do so and that said car was under the charge and control of a conductor of defendant and that whilst plaintiff was so standing and was so intending and ready and able to pay his fare said conductor in charge and control of said car did without provocation or excuse strike at the plaintiff with intent to strike him with a metal object and did thereby cause the plaintiff to lose his footing on said step and bar of said car and to fall and be thrown from said car upon the street in the vicinity of Cass avenue, in said city and thereby to sustain an injury to his arm mentioned in the evidence, and that said metal object was known as a conductor's punch,

"and if the jury further find from the evidence that the conductor so in charge of said car did so strike at the plaintiff with said metal object willfully, and intentionally and maliciously and wrongfully, intending to strike him, and without provocation or excuse, and did thereby cause the plaintiff to fall from said car and sustain an injury to his arm mentioned in the evidence and that said car was in rapid motion at the time, then the jury will allow plaintiff damages and in fixing the amount of the same the jury should take into consideration the nature, character and extent of the injury to his arm, if any, and the physical pain, if any, and mental anguish, if any, suffered by him and directly caused by said injury and assess the plaintiff's damages at such sum as in the opinion of the jury, will fairly compensate him for said injury and not exceeding the sum of two thousand dollars,

"and the jury may, if from all the evidence they think it proper, award further damages by way of punishment for the act of the conductor in so striking at plaintiff (if the jury find from the evidence the conductor did so strike) such as the jury believe to be a fit punishment to defendant such act not exceeding one thousand dollars, but the total verdict cannot exceed three thousand dollars."

"2. The court instructs the jury that if they find from the evidence in this case, that on or before October 6, 1909, the defendant was in possession and control of and operating a street railway and cars on Broadway in the city of St. Louis, Missouri, for the purpose of carrying passengers for hire in said city as a street railway, and that Montgomery street and said Broadway were at said times streets in said city, and that on said October 6, 1909, defendant was in possession and control of and operating a southbound car on said Broadway for the purpose of carrying passengers for hire in said city of St. Louis on said railway line and that on said day the plaintiff was at the south crossing of Montgomery street and Broadway in said city of St. Louis, and that whilst plaintiff was so at said crossing said southbound car was by defendant stopped at said crossing for the purpose of receiving passengers thereon and that while said car was so stopped plaintiff stepped on the step of the rear platform of said · car and an iron bar of said car located at its rear,

.     "and if the jury further find from the evidence that said car was under the charge and control of a conductor of defendant and that whilst plaintiff was so standing on said step and bar said conductor in charge and control of said car did, without provocation, strike at the plaintiff with intent to strike him with a metal object and that said object was known as a conductor's punch and that said conductor did thereby cause the plaintiff to lose his footing on said step and bar of said car and to fall and be thrown from said

car upon the street in the vicinity of Cass avenue in said city and thereby to sustain an injury to his arm mentioned in the evidence, and that said act of said conductor in so striking at plaintiff, if the jury find from the evidence this occurred was done while he was undertaking to serve defendant as such conductor and while he was in the course of his employment under defendant and within the range and scope of his employment and authority under defendant, then the jury will find for plaintiff and allow him damages, and in determining the amount of the same the jury will take into consideration the nature, character and extent of the injury, if any, to his arm, and the physical pain, if any, and mental anguish, if any, suffered by him and directly caused by said injury and assess the plaintiff's damages at such sum as in the opinion of the jury, will fairly compensate him for said injury and not exceeding the sum of two thousand dollars."

The two instructions offered by defendant, and which the court refused to give, of which rulings appellant complains, are as follows:

"A. The court instructs the jury that if you believe from the evidence plaintiff had no intention of paying his fare, but was stealing a ride on the car, then he is not entitled to recover and your verdict will be for defendant."

"B. The court instructs the jury that although you may believe from the evidence plaintiff fell from the car and was injured, yet the court instructs you that he is not entitled to recover, if you find from the evidence that he had no intention of paying his fare, but even if you find he intended to pay his fare, still he is not entitled to recover if you find from the evidence the conductor did not strike at him."

Learned counsel for appellant insists that the trial court obviously committed reversible error in giving plaintiff's instruction No. 2, for the reason that that instruction authorized the jury to find a verdict for plain-

209 M. A.—24

tiff (for compensatory damages only) without requiring the jury to find that plaintiff was a passenger upon the car as alleged in the petition.

It will be observed that plaintiff's first instruction, set out above, requires, among other things, that the jury find that plaintiff got upon the car for the purpose of becoming a passenger thereon, and that he was upon the car as a passenger at the time of the alleged assault; whereas plaintiff's second instruction, while requiring the jury to find the facts in his favor regarding the alleged assault, omits to require any finding to the effect that plaintiff was a passenger.

It was conceded by learned counsel for appellant in argument *ore tenus*, that upon the facts shown in evidence regarding the alleged assault upon plaintiff by defendant's conductor, plaintiff would have been entitled to recover without alleging and proving that he was a passenger upon the car; that a trespasser upon the car could recover for an assault of the character pleaded, by the conductor acting within the scope of his authority as a servant of defendant. It is earnestly contended, however, that upon the record before us no recovery can be had by plaintiff in the absence of proof that he was a passenger and a finding by the jury to that effect; this for the reason that plaintiff alleged that he was a passenger upon the car and, it is said, tried his case upon that theory below. We find ourselves unable to accede to this view.

The allegation of the existence of the relation of passenger and carrier was unnecessary to a statement of a cause of action in plaintiff's favor arising from a sudden, unprovoked, willful and malicious assult made upon him by the conductor, without warning and without affording him an opportunity either to pay his fare or leave the car in safety, such as is alleged in the petition. The cause of action, upon which recovery is sought, namely, the right to recover for the injuries sustained by reason of the alleged assult, is not a cause of action necess-

arily arising out of the relation of passenger and carrier, but one which may arise entirely independent thereof. And the petition, it will be observed, does not, in terms, count upon a breach by defendant of a duty which, as carrier, it owed to plaintiff as a passenger, and growing out of the relation of passenger and carrier. [O'Brien v. St. Louis Transit Co., 212 Mo. 59, 110 S. W. 705.]

In other words, though plaintiff alleged that he was a passenger on the car, having alleged an assault, of the character and under the circumstances pleaded and shown in evidence, it was not necessary, we think, for plaintiff to make proof of the averment that the relation of passenger and carrier existed, that averment being unnecessary to the statement of a cause of action in his behalf. It mattered not in what capacity plaintiff was upon the rear of this street car, since an assault upon him, of the character and under the circumstances pleaded and shown in evidence, gave rise to a cause of action in his behalf against the defendant. Plaintiff was not required to prove every averment of his petition.

The well-established rule touching this matter is stated in the recent case of Wessel v. Lavender, 262 Mo. 421, 171 S. W. 331, as follows: "The rule is that proof is only required of those allegations necessary to a recovery, and that those unnecessary to that end may be eliminated as surplusage. [Mehan v. St. Louis, 217 Mo. 35, 46; Frederick v. Allgaier, 88 Mo. 598, 603-4; Smith v. Fordyce, 190 Mo. 1.] The rule more specifically stated is that where a good cause of action is well stated in the pleading, all additional averments consistent therewith, whether by way of inducement, explanation or additional particulars, may be rejected as surplusage, and a recovery may be had upon proof of the essential facts remaining. The only exception to this rule is that in those special cases when the law permits a recovery upon the statement of a legal conclusion, as upon the general allegations of negligence in a suit by a passenger against the carrier, if the plaintiff, instead of relying upon this right, undertakes to

state the specific facts constituting his cause of action he will be held to have abandoned his general statement. This exception, it will be seen, is more apparent than real, for the pleading, so constructed and construed will then be subject to the rule we have stated.''

In the case before us the averment of the relation of passenger and carrier is not one inconsistent with the other facts pleaded and relied upon to sustain the cause of action. And if we strike out from this petition all thereof charging the relation of passenger and carrier, what will remain will, we think, state a complete cause of action in plaintiff's favor; for the remaining allegations are such as to charge an assault of such character and under such circumstances as, if true, to entitle plaintiff to a recovery without regard to the relation of passenger and carrier. It might be otherwise, had plaintiff, after alleging the relation of passenger and carrier, alleged, without more, a wrongful attempt to eject him, while a passenger, resulting in his fall from the car and consequent injury; for if plaintiff was not a passenger but a trespasser upon the car, an attempt to eject him would not be wrongful unless unnecessary force to that end was used. But this petition does not merely count upon a wrongful ejection; neither is it in terms alleged that the conductor attempted to eject plaintiff and used unnecessary force in so doing. It is charged, in effect, that the conductor, having come upon this rear platform, suddenly made an unprovoked, willful and malicious assault upon plaintiff, without warning. Assuming that plaintiff was a trespasser upon the car, defendant's conductor had no right to willfully, wantonly or intentionally assault and injure him. And for such an assault and injury by the conductor, in the scope of his employment and authority as defendant's servant (as the petition alleges) the defendant may be held liable under the broad rule of *respondeat superior*. [See McDonald v. Railroad, 165 Mo. App. 65, and cases cited, 146 S. W. 83.]

In this view it was not error, we think, for the court to give plaintiff's instruction No. 2, since to en-

title plaintiff to recover it was not essential that the jury find that he was a passenger, or find the facts necessary to constitute the relation of passenger and carrier.

In Adams v. St. Louis & San Francisco R. R. Co., 149 Mo. App. 278, 130 S. W. 48, plaintiff, seeking to recover for an assault made upon him by defendant's brakeman, alleged that he was a passenger upon defendant's train at the time of the alleged assault. For plaintiff the court gave the following instruction:

"The court instructs the jury that although you may find and believe that plaintiff had no ticket, and that defendant required a passenger to purchase a ticket before entering its cars, and that plaintiff attempted to enter defendant's car without a ticket, yet that fact alone would not give defendant's brakeman a right to use any unnecessary force in ejecting plaintiff; and if you find that defendant's brakeman willfully, violently and with unnecessary force choked and struck plaintiff, and ejected him from defendant's passenger coach step, and wounded or hurt him, then you will find the issues for the plaintiff."

In discussing the propriety of giving that instruction the appellate court (l. c. 282) said:

"The objection made to this instruction is that it is not warranted by the issues made by the pleadings. Defendant contends that as the petition alleges that plaintiff was a passenger on defendant's train at the time of the alleged assault he must prove that he was a passenger or fail in this action, and asserts that a party cannot declare upon one cause of action and recover upon another. The legal proposition asserted is sound, and needs no citation of authorities to support it, but we do not think the record of this case presents that situation. The petition after alleging that plaintiff was a passenger upon defendant's train proceeds as follows: 'But plaintiff says that defendant, unmindful of its duties in the premises, in violation of law and in violation

of its contract aforesaid, and in total disregard of the rights of plaintiff, while plaintiff was on the steps and platform preparatory to entering into a passenger coach of said train, the brakeman, an employee of defendant, then and there in charge of said train, being at the time an agent and servant of said defendant, emerged from the coach and platform of said cars and train, and while said train was in motion, without a word of warning, choked, shoved and struck this plaintiff on and about the head, throat and other parts of plaintiff's body, thereby shoving and knocking plaintiff off the steps and platform of said train to and against the depot platform of defendant causing plaintiff to strike said depot platform with great force and violence, and wounding and bruising plaintiff's right knee and otherwise injuring him.'

"Plaintiff's allegation is that the injuries for which he seeks to recover damages resulted from an assault made upon him by an employee of defendant, and, hence, the act on the part of defendant of which plaintiff complains is the assault alleged to have been made upon him, and this, then, was his cause of action, and the allegation that plaintiff was a passenger upon defendant's train at the time was an unnecessary allegation under the theory adopted by the trial court in this case, and the failure of plaintiff to prove that he was a passenger was not fatal to a recovery."

The decision as to this matter in the Adams case we regard as sound, and we think that it is entirely in keeping with the rule respecting proof of unnecessary allegations in a petition, as shown by our quotation from Wessel v. Lavender, supra.

In support of its said argument appellant places much reliance upon the decision of our Supreme Court in Garrett v. Transit Co., 219 Mo. 65, l. c. 95 and 96, 118 S. W. 68, from which opinion the appellant quotes at length. In that case plaintiff was suing to recover damages for the death of her husband, and alleged that

while her husband was riding on a street car of the defendant in the city of St. Louis, as a passenger, and while the car was running at a rapid rate of speed, the defendant's conductor in charge of the car "wrongfully and forcibly attempted to eject the plaintiff's husband from the said car and in so doing caused the plaintiff's said husband to fall from said car while said car was in rapid motion and to strike the street with great force and violence, whereby the plaintiff's said husband sustained injuries," etc.

The trial of the Garrett case below resulted in a verdict and judgment for defendant, and the plaintiff appealed to the Supreme Court. One assignment of error challenged the correctness of an instruction, numbered 8, given by the court of its own motion. This instruction was as follows:

"8. If you find from the evidence that plaintiff's husband boarded the car with the intention of not paying his fare or that when the conductor requested the payment of his fare he refused to pay the same, then he was not a passenger in contemplation of law."

The Supreme Court held that there was no error in giving that instruction; and obviously that ruling was entirely sound under the circumstances in that case. In the Garrett case it appears that the breach of duty counted upon, as the gravamen of the cause of action, was the alleged wrongful attempt to eject plaintiff's husband—wrongful because of the alleged existence of the relation of passenger and carrier; but apart from this, in that case the plaintiff not only pleaded the existence of the relation of passenger and carrier, but tried the case throughout upon that theory. By the main instruction offered by plaintiff, but which the court refused (the court giving one of its own motion) the jury was required to find that Garrett was received as a passenger on the car. And having pleaded and tried her case throughout upon that theory, plaintiff had no right to complain of the giving of instruction No. 8

supra, which instruction merely told the jury that if plaintiff's deceased husband got upon the car without the intention of paying his fare he was not a passenger. Clearly, as plaintiff pleaded and tried her case, defend-- ant was entitled to have the jury instructed as to what would or would not constitute the relation of pasenger and carrier under the circumstances.

The language of the opinion in the Garrett case, upon which appellant relies (219 Mo. 1. c. 95, 96) was used with reference to the giving of the instruction mentioned, and is to be considered in the light of the subject-matter to which it is addressed, having in mind the facts and circumstances calling it forth. Furthermore, the authority of the decision in the Garrett case, as controlling our decision herein, is to be determined· by the matters there in judgment, rather than by the precise language employed in the course of the opinion.

The situation here presented is quite different from that presented in the Garrett case, as indicated above. This plaintiff has not tried his case throughout upon the theory that he was a passenger upon the car. Though he made this allegation in his petition, it does not appear that he in terms counted upon breach of duty arsing out of the relation of passenger and carrier, but upon a 'wrongful act of defendant's servant done, as is alleged, "within the scope of his employment and authority under defendant." And plaintiff put his case to the jury by his instructions upon the theory that he could recover compensatory damages, at least, without a finding that he intended to pay his fare and thus become a passenger.

We are consequently of the opinion that there was no error in giving plaintiff's instruction No. 2. And for the same reasons we think that it was not error to refuse defendant's instructions "A" and "B." By instruction "A" it was sought to pointedly tell the jury that if they believed from the evidence that plaintiff had no intention of paying his fare then he was not

entitled to recover. And likewise instruction "B" sought to tell the jury, among other things, that if they found that plaintiff had no intention of paying his fare he could not recover.

The point is made by respondent's learned counsel that assuming, *arguendo,* that it was error to give plaintiff's instruction No. 2, and likewise to refuse defendant's instructions "A" and "B," the record discloses that such errors were in fact harmless and consequently not reversible errors. The argument is made that since instruction No. 1 is the only instruction authorizing the assessment of both compensatory and punitive damages, and the jury by their verdict assessed both compensatory and punitive damages, it follows that the jury found the facts hypothesized in that instruction, including the finding that plaintiff intended to pay his fare and thus become a passenger; and that therefore it affirmatively appears that the jury were in no way misled to the prejudice of the defendant.

This argument appears to us as having merit under the circumstances presented by this record. It is true that if it was error to give plaintiff's instruction No. 2, it was not cured by the mere giving of plaintiff's instruction No. 1 (Hall v. Coal & Coke Co., 260 Mo. 351, 168 S. W. 927); and the error, if any, in refusing defendant's instructions "A" and "B" could not have been thus cured. But the record discloses a verdict which, if the jury gave heed to the instructions, could not have been returned without a finding that the plaintiff intended to pay his fare and thus become a passenger, as required by plaintiff's first instruction. No instruction on the measure of damages, as such, was given, but that matter was covered at the end of each of plaintiff's two instructions, supra. By the first thereof, upon a finding of the facts therein hypothesized, the jury were authorized to assess punitive damages as well as compensatory damages; whereas the second instruction, upon a finding of the facts therein hypothesized, authorized the

assessment of compensatory damages only. If the jury followed and obeyed the instructions, they could not have assessed punitive damages without finding the facts required to be found by the first instruction, for in no other instruction may authority be found for assessing damages of this character. We think that we may properly proceed upon the presumption that the jurors followed and obeyed the instructions, as was their sworn duty. And here utilizing that presumption, we may take the verdict before us as establishing the fact that the jury did find that plaintiff intended to pay his fare and thus become a passenger upon the car.

In this view, if it was error to give plaintiff's instruction No. 2 and to refuse defendant's instructions "A" and "B," it was harmless error, since it thus appears the jury were not thereby misled to appellant's prejudice. We are commanded not to reverse the judgment of any court unless we "believe that error was committed by such court against the appellant or plaintiff in error, materially affecting the merits of the action," (Sec. 2082, Rev. Stat. 1909) and to disregard any error not affecting "the substantial rights of the adverse party." [Sec. 1850, Rev. Stat. 1909.] Under the circumstances, we do not believe the errors complained of, if errors they be, are such as to materially affect the merits of the action or the substantial rights of the appellant.

The judgment is accordingly affirmed. All concur.